PERRIN & SHOEMAKER, Respondents, v. J. W. KIMBERLIN, Executor, etc., Appellant.

**Kansas City Court of Appeals, February 27, 1905.**

**REAL ESTATE BROKER: Commission: When Earned.** Where a broker produces to the landowner a purchaser ready and willing and enters into an enforcible contract to purchase, the broker has earned his commission and the fact that the sale is not consummated because defendant is unable to perform cannot affect the broker's right to recover his commission.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*L. H. Waters* for appellant.

(1) It is only where a purchaser is found who is willing, able and ready to take the land or able to respond in damages if he fails, that the agent is entitled to recover commissions. Hayden v. Grillo, 35 Mo. App. 647; Finch v. Trust Co., 92 Mo. App. 271; Gelatt v. Ridge, 117 Mo. 553; Childs v. Litchfield, 66 Mo. App. 422. (2) The theory on which this case was tried ignored the requirement that the purchaser should be able, willing and ready to complete the purchase or able to respond in damages. (3) The court erred in refusing appellant's instructions numbered 1 to 6 inclusive. The contract prepared by plaintiffs required the payment of $500 at the time of the signing of the contract, and recited that the money was in their hands, when in fact it never was paid.

*Metcalf & Brady* and *Glen Sherman* for respondents.

(1)    We think that the facts standing as they do, undisputed in the evidence, entitle plaintiffs to recover and clearly justify the court in giving plaintiffs' first instruction.    Childs v. Crithfield, 66 Mo. App. 422; Finch v. Trust Co., 92 Mo. App. 271; Harwood v. Diemer, 41 Mo. App. 49; Rieves v. Vette, 62 Mo. App. 440; Hayden v. Grillo's Admr., 42 Mo. App. 1.

ELLISON, J.—This is an action for commission alleged to be due plaintiff for making sale of certain real estate owned by defendant.    The judgment was for plaintiff in the trial court.

The facts necessary to understand for disposal of the case are these:    Plaintiff had the property in question for sale.    He produced a purchaser ready, able and willing to buy.    A price was agreed upon between the purchaser and defendant and they entered into a written contract setting out the terms of the sale.    Among other provisions were these:    That $500 was to be paid at the time the contract was signed.    Defendant was to furnish a complete abstract of title within twenty days and the purchaser was to have ten days after its delivery to him in which to examine it.    If the title was found defective defendant was to have a reasonable time, not to exceed thirty days, to cure defects. But if the defects could not be cured within that time, the contract was to be void and the $500 deposited should be returned.    If it was found that the defendant had a good title in fee he was to execute a good and sufficient deed.    It was undisputed that the $500 referred to in the contract was the purchaser's check for that sum on his bank of deposit in Kansas, and that such check would be left in charge of the Union National Bank of Kansas City.

It turned out that the purchaser rejected the title as shown by the abstract on account of defect in title which could not be cured sooner than about two years.

At the time the check was given (April 17) the purchaser had more than $10,000 in the bank upon which it was drawn. This was drawn out on April 19. It is said that payment of the check was afterwards refused. We will assume that it was.

After making every allowance for the contention of defendant in support of his defense, the fact remains that plaintiff produced a purchaser to defendant not only ready, able and willing to buy, but who actually did buy, by contract of purchase. The contract is one which, if defendant himself could perform his part, he could enforce against the purchaser. The reason the contract cannot be enforced by defendant is that he is not able to perform himself. The mere fact that the $500 was not paid by the purchaser, when it clearly appears that he was a purchaser able to buy, cannot affect plaintiff after earning his commission.

The judgment is affirmed. All concur.