WILLIAM S. FRANKLIN *vs.* DAVID W. DAVIS.

Middlesex.     February 6, 1934. — March 30, 1934.

Present: CROSBY, PIERCE, WAIT, FIELD, & DONAHUE, JJ.

*Broker,* Commission.

Where a real estate broker hired by a landowner procured a customer with whom the landowner executed an agreement for the sale of the land, and the customer was at all times ready, able and willing to carry out the agreement, but the landowner refused to do so, the broker was entitled to his commission notwithstanding the circumstance that, after the landowner's refusal, the broker, without the knowledge or consent of the landowner, returned to the customer a deposit against the purchase price which he had paid to the broker.

CONTRACT. Writ dated August 29, 1932.

The action was heard in the Superior Court by *Greenhalge,* J., without a jury. Material evidence and a ruling requested by the defendant and refused are described in the opinion. The judge found for the plaintiff in the sum of $318.75. The defendant alleged an exception.

*A. Margolis,* (*W. M. Applebaum* with him,) for the defendant.

*B. D. Levinson,* for the plaintiff.

CROSBY, J. This is an action to recover a broker's commission alleged to be due the plaintiff for services in procuring a purchaser for certain land owned by the defendant. There was evidence from which it could have been found that the defendant agreed to pay the plaintiff a commission of five per cent; that the plaintiff procured a written agreement between the defendant and Elizabeth and Esther Tankel by which they were to purchase, and the defendant was to sell the land in question for $6,000;

that the prospective purchasers were at all times ready, able and willing to carry out the agreement, but the defendant refused to do so; that at the time of the signing of the agreement by the Tankels they paid the plaintiff $100 as a deposit on the purchase price; that he did not turn it over to the defendant; that he returned it to the Tankels after the defendant had refused to carry out the agreement, but without his knowledge or consent. The foregoing is all the evidence material to the issues involved in the case. The defendant requested the judge before whom the case was tried without a jury to rule as follows: "If it shall appear that the plaintiff returned the deposit on sale in question to the purchasers without permission of the defendant, then the finding should be for the defendant." The judge refused so to rule and made the following finding: "I find that the defendant after the execution of the agreement refused to proceed under it, in view of which I decline to give the ruling requested." The defendant excepted to the refusal of the judge to rule as requested.

The contention of the defendant that because the plaintiff returned the $100 paid to him as a part of the purchase price without the permission of the defendant the plaintiff is not entitled to a commission is without merit. As the defendant repudiated his agreement to sell the property to the Tankels, who were willing to purchase it in accordance with the terms of the agreement, it was not only the right but the duty of the plaintiff to return the deposit to those who had made it. It is immaterial that the plaintiff returned the deposit to the prospective purchasers without the knowledge or consent of the defendant. *Gosslin* v. *Martin*, 56 Ore. 281. *Phelps* v. *Prusch*, 83 Cal. 626. The persons who made the deposit were entitled to its return by the plaintiff, since it was still in his possession, and the consideration for which it was paid had failed. There was no breach of trust or lack of good faith on the part of the broker toward the defendant in returning the money to those who were willing to carry out the terms of the agreement, but were prevented from doing so on account of the refusal of the defendant to make the sale.

As the plaintiff performed his agreement with the defendant by procuring purchasers who were at all times ready, able and willing to carry out the terms of the agreement, no reason appears why he should not be entitled to recover the commission which the defendant agreed to pay. *Cohen* v. *Ames*, 205 Mass. 186.

*Exceptions overruled.*