ROBERT S. KING, Appellant, v. GERTRUDE K. PRUITT, Respondent, No. 45151—288 S. W. (2d) 923.

Court en Banc, March 12, 1956.
Rehearing Denied, April 9, 1956.

824

*Carl H. Willbrand* for appellant.

*Allan M. Fisher* for respondent.

[923]  WESTHUES, J.—Plaintiff Robert S. King, a real estate broker, filed this suit against Gertrude K. Pruitt to recover a real estate sales commission in the sum of $575. A trial resulted in a verdict for the defendant. From the judgment, plaintiff appealed to the Kansas [924] City Court of Appeals. That court reversed the judgment and remanded the case for retrial. The appeals court held that instruction No. 4, given by the court, was not supported by evidence, therefore, it was error to have given it. This court, on application of the defendant, ordered the case transferred to this court.

The opinion of the Kansas City Court of Appeals is reported in 280 S.W.(2d) 872.

The particular point, indeed the one point, on this appeal is whether the evidence justified an instruction to the jury submitting the question of whether King, as defendant's alleged agent, concealed from her material facts known to him and not to defendant and thereby forfeited his right to a sales commission.

Instruction No. 4 reads as follows:

"The Court instructs the jury that a real estate agent or broker must act with entire good faith toward his principal, and that he must disclose all facts within his knowledge material to the matter in which he is employed, or which might influence his principal's action, so if you find and believe from the evidence that defendant employed plaintiff to sell her property for her and was her agent, if so, and if you further find and believe from the evidence that plaintiff did not disclose to defendant that Thornton and Minor Clinic, Inc. was the actual purchaser, if so, and that said failure to disclose was material, if so, and would have influenced defendant's action, if so, then your verdict must be in favor of the defendant and against the plaintiff."

The facts were these: Defendant, Mrs. Pruitt, owned property at 3217 Campbell Street, Kansas City, Missouri. This property was back of and adjoining that of the Thornton-Minor Clinic. George L. Williams, the business director of the Clinic, had been with that concern for twenty-five years. Williams, who had for many years known plaintiff Robert S. King, testified that he talked with King sometime in February or March of 1952, and asked him if he could buy the Pruitt property for him; that it was wanted for parking space; that the Clinic was desperately in need of such space. Mr. Williams stated further that he did not want anyone to know that his concern was interested in buying the property. Cross-examination of Williams showed the following on this point:

"Q. Mr. Williams, the reason that you tried to keep the Thornton-Minor name out of this deal was because you thought it might effect the purchase price, the sale price?

"A. Well, we were going to try to buy more than one piece and didn't want any one to know."

Plaintiff King knew Williams was manager for the Thornton-Minor Clinic. He admitted that Williams had asked him to purchase some property for him. King was asked whether the value of real estate would be affected if a buyer wanted a "particular tract for a particular purpose" and his answer was that "sometimes" it does affect the price. King further testified that after Williams had asked him about purchasing some property, he called the defendant Mrs. Pruitt and asked her if the property at 3217 Campbell Street was for sale; that Mrs. Pruitt answered in the negative. Plaintiff stated that he then informed the defendant that he was in the real estate business and if at any time she wanted to sell the property to call him; that in a few weeks she did call him and informed him that the property was for sale at $11,500; that he, plaintiff, then had a contract of sale prepared naming Mary L. Childs, who was secretary to Mr. Williams, as purchaser whose address was 436 35th Street. It was admitted that defendant never saw or heard of Williams or the Thornton-Minor Clinic in connection with the sale before she signed the contract agreeing to sell the property for $11,500. There was evidence that Mrs.

Pruitt agreed to pay plaintiff a sales commission. She was represented by an attorney when she signed the deed. This attorney did not know that Williams or the Clinic was interested in the sale. Mrs. Pruitt testified [925] that she did not agree to pay a commission; that she wanted $11,500 net to her for her property; that she insisted on the full amount when she signed the deed. All parties agree that defendant refused to sign a deed unless she was paid the full amount. Plaintiff at the time agreed to this for the purpose of making the sale but reserved the right to sue the defendant for his commission.

It was agreed by all parties that Miss Childs was a mere straw party and had no interest in the sale and that three days after the property was deeded to her, she conveyed it to the Thornton-Minor Clinic. It was also agreed that Williams negotiated the sale on behalf of Thornton-Minor Clinic.

It is our opinion that the evidence justified the giving of instruction No. 4 and that a jury could well have found that plaintiff intentionally concealed from the defendant a material fact which might have influenced defendant's action. By concealing a material fact, an agent forfeits his right to compensation. 12 C.J.S. 159, 160, Sec. 69b; Dittmeier v. Missouri Real Estate Commission, Mo.App., 237 S.W.(2d) 201, l.c. 206 (7-9); Politte v. Wall, Mo.App., 256 S.W. (2d) 283, l.c. 285(4); Curotto v. Hammack, 362 Mo. 457, 241 S.W.(2d) 897, l.c. 900 (2); Blakeley v. Bradley, Mo., 281 S.W.(2d) 835, l.c. 839 (4); Larner-Diener Realty Co. v. Fredman, Mo., 266 S.W.(2d) 689, l.c. 695 (4).

It is the duty of a broker to act with the utmost good faith and loyalty in the interest of his principal. He cannot secretly represent any adverse interest. 12 C.J.S. 96, Sec. 41, and 105, Sec. 43. It is our opinion that plaintiff in this case by his own evidence admitted he did not act with the utmost good faith and loyalty in the interest of his alleged principal, the defendant Mrs. Pruitt. The plaintiff King carried out the wishes of Williams in keeping from the defendant the knowledge as to who the real purchaser was. This was kept a secret for the very reason that knowledge of the fact by the defendant might affect the price of the property. King, whether for compensation or friendship or any other purpose, did in fact look after the interest of Williams who in turn was acting for the Thornton-Minor Clinic. Murphy v. Knights of Columbus Bldg. Co., 155 Mo. App. 649, 135 S.W. 446, l.c. 449 (2). Plaintiff led the defendant to believe that Miss Childs was the real purchaser. He knew this was not true. In such circumstances, he cannot recover compensation from the defendant for making the sale.

Appellant King in his brief cited the case of Klein v. Terminal R. Assn. of St. Louis, Mo. App., 268 S.W. 660, l.c. 664. The court there said, l.c. 664 (4-7), "It has never been held however, that the mere failure to disclose the name of the purchaser, without more, would

defeat the broker's recovery." In the case before us, King according to his own evidence was protecting adverse interests by the concealment of the name of the real purchaser.

Instruction No. 4, given by the trial court, correctly declared the law and there was ample evidence to support the finding of the jury.

The judgment is affirmed. All concur.