Dear Representative Ford:
This opinion is in response to your inquiry:
 Do Missouri Real Estate Brokers and salespersons meet the requirements and qualifications pursuant to Section 700.010 (4) and 700.090 (3) in the sale of mobile homes located in mobile home parks or private property owned by persons other than those owning the mobile home?
Additionally, you inform us:
 Many real estate brokers and their sales personnel are currently listing and selling more than 4 mobile homes per year (700.010) which are located in mobile home parks and private property owned by persons other than those persons owning the mobile home.
 I'm interested in determining whether real estate sales people are subject to registration requirements if they sell more than four mobile homes per year.
For purposes of this opinion we assume that the sales activities of the real estate brokers and salespersons (hereafter referred to as "agent") to which you refer do not involve the sale of a mobile home in connection with the sale of real estate; instead we assume you refer to activities of an agent who negotiates the sale of four or more used mobile homes in a consecutive twelve-month period (tangible personal property only) on behalf of non-dealer mobile home owners. We further assume that the mobile home owner retains title to the used mobile home throughout the negotiation period, and, after consummation of the sale, transfers title directly to the buyer.
Initially we note that Chapter 339, RSMo, governs the activities of real estate agents and brokers. We find no express or implied exemption from the provisions of Chapter 700, RSMo 1978, for real estate agents or brokers in Chapter 339. Neither do we find such an exemption for agents in Chapter 700.
Chapter 700 establishes mobile home standards for the State of Missouri. Section 700.090.1, RSMo 1978, provides in pertinent part:
 Every manufacturer or dealer of mobile homes who sells or offers for sale, on consignment or otherwise, a mobile home, . . . from or in the state of Missouri shall register with the [Public Service] commission. [Emphasis added.]
Section 700.010(4), RSMo 1978, defines "dealer" as:
 [A]ny person, other than a manufacturer, who sells or offers for sale four or more mobile homes, . . . in any consecutive twelve-month period; . . . [Emphasis added.]
Thus, we believe the resolution of your question turns on the applicability of the phrase "sells or offers for sale" to agents involved in four or more mobile home transactions in a consecutive twelve-month period; in short, our inquiry must determine whether such an agent is a "dealer" for purposes of Chapter 700.
We are bound to render this opinion within the confines of the rules of construction of statutes adopted by our courts. The primary rule of statutory construction is to seek the intent of the legislature. City of Willow Springs v. Missouri StateLibrarian, 596 S.W.2d 441, 596 (Mo. banc 1980). We are required to determine legislative intent from what the legislature said, not from what it may have intended to say or inadvertently failed to say. State ex rel. Igoe v. Bradford, 611 S.W.2d 343
(Mo.App. 1980). When a statute is enacted in the interest of the public welfare, it is remedial and must be construed liberally to promote the object of the legislature. State ex rel. Laundry,Inc. v. Public Service Commission, 34 S.W.2d 37 (Mo. 1931). When a statute contains both penal and remedial features (as does Chapter 700)[1] penal features must be construed strictly against the enforcing party; however, remedial features continue to be liberally construed: Grier v. Kansas City, C. C. St. J. Ry.Co., 228 S.W. 454 (Mo. banc 1921); Murphy v. St. Louis-SanFrancisco R. Co., 226 S.W. 637 (Mo.App. 1920). Finally, terms used by the legislature should be given their plan, usual and ordinary meaning, unless otherwise expressly defined in the statute. State ex rel. State Highway Commission v. Wiggins,454 S.W.2d 899 (Mo. banc 1970).
The phrases "sells or offers for sale" or "sells, offers for sale" are used in at least forty-five different Missouri statutes. In none of those instances is the phrase expressly defined. As the definition of the phrase "sells or offers for sale" is central to the resolution of your question, we believe the manner in which the legislature has used these phrases in other statutes will assist us in finding its meaning in Chapter 700.
Black's Law Dictionary (4th Ed. 1968) defines "sell" as "[t]o dispose of by sale." Id. 1525. "Sale" is defined as:
 [a] contract whereby property is transferred from one person to another for a consideration of value, implying the passing of the general and absolute title, . . . Id. at 1503.
Our review of the statutory uses of above phrases leads us to believe that the General Assembly does not intend to limit the applicability of a statute employing the term "sell" to persons or entities having title or legal ownership of the property sold.See, for example, Section 578.100, RSMo Supp. 1981, (prohibiting sales of goods on Sunday); Section 421.060, RSMo 1978 (proscribing the sale of used bedding without sterilization); and Section196.886, RSMo 1978 (prohibiting the sale of certain drugs without proper labeling).
It is particularly clear that passage of title is not required for a sale to be completed by a real estate broker. Section 339.010.1, RSMo Supp. 1981, provides:
 A "real estate broker" is any person, copartnership, association or corporation, foreign or domestic who, for another, and for a compensation or valuable consideration, as a whole or partial vocation does, or attempts to do, any or all of the following:
 (1) Sells, exchanges, purchases, rents, or leases real estate;
 (2) Offers to sell, exchange, purchase, rent or lease real estate; . . . [Emphasis added.]
Thus under the statutory scheme, a real estate broker is "employed to sell real estate." Politte v. Wall, 256 S.W.2d 283, 285 (Mo.App. 1953). The broker's statutory authority to sell real property has been generally defined as follows:
 The verb "sell" and the noun "sale" vary in meaning according to the different context in which they are used. . . . In contracts creating the relationship of principal and real estate broker, . . . [t]he broker "sells" when he finds a purchaser ready, able and willing to buy on the terms proposed by the principal. Humphries Jackson v. Smith, 63 S.E. 248, 249
(Ga.App.)
See also Schaeffer v. Reineke, 121 S.W.2d 213, 220 (Mo.App. 1938).
We believe the provisions of Chapter 700 apply to all persons who sell four or more mobile homes in a consecutive twelve-month period. We are led to this conclusion by the statutory uses of the phrases "sell or offer for sale" and "sell, offers for sale." This conclusion is buttressed by reference to Section 339.010, RSMo Supp. 1981, and its predecessor Section 339.010, RSMo 1978. In both instances, the General Assembly clearly exempted the entities and persons to which the chapter does not apply. See,
Section 339.010.5, RSMo Supp. 1981. Because no such exceptions are found in Chapter 700, we believe the legislature intended that the law apply without exception.
This opinion is not limited to real estate brokers and salespersons. Any person or entity selling four or more mobile homes in a consecutive twelve-month period is, in our opinion, a dealer required to register under Chapter 700.
CONCLUSION
It is the opinion of this office that a person who sells or offers for sale four or more mobile homes in any consecutive twelve-month period must register with the Public Service Commission as a dealer, pursuant to Chapter 700, RSMo 1978, regardless of whether such person owns the mobile homes he or she sells or whether such person merely acts as an agent for a mobile home owner who wishes to sell only one mobile home.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Paul Spinden, and deputy, Edward D. Robertson, Jr.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] Chapter 700 generally is designed to provide construction standards for the manufacture of mobile homes, recreational vehicles and modular housing units. As such, Chapter 700 is clearly in the interest of public welfare. However, Section 700.045 provides that certain, specified acts are misdemeanors, punishable under Missouri law.