(No. 14979.—Reversed and remanded.)
THE DIME SAVINGS AND TRUST COMPANY, Appellant, *vs.*
CARL KNAPP, Appellee.

*Opinion filed February 21, 1923—Rehearing denied April 12, 1923.*

1. SPECIFIC PERFORMANCE—*when deed tendered by executor is sufficiently executed.* Where a will appoints a trust company as executor, with full power to sell the testator's property, real or personal, a deed signed by the trust company as executor is sufficient to convey the property of the testator, and the vendee, as defendant in a suit for specific performance, cannot object that the deed should have been signed by the executor as trustee.

2. SAME—*construction of a contract for conveyance making the vendee a tenant until transaction is completed.* Where a contract for a conveyance, which is to be completed on March 1, 1921, or when proceedings to clear the title, if necessary, are settled, provides that in such case the vendee shall occupy the premises as a tenant for one year and pay as rent six per cent on the unpaid purchase price, the vendee is not required, in case the title is cleared before the year is up, to pay said rental in addition to six per cent on a mortgage to be given upon the completion of the transaction and dated March 1, 1921; nor does such contract give the vendee the option to become either a tenant or a purchaser.

3. SAME—*what does not constitute unreasonable delay in clearing title.* Although the preliminary oral negotiations are made in August for the purchase of certain property for $70,000, $1000 is paid down at that time and the abstract is delivered for examination, yet where the written contract providing that proceedings shall be instituted to clear certain objections to the title is not drawn up until in December, failure to institute such proceedings at the next ensuing March term of the circuit court is not an unreasonable delay; and where the decree is obtained at the following June term the vendee cannot set up in defense to a suit for performance that the price of land has fallen during the time of the transactions.

4. SAME—*court of equity must enforce a contract fairly entered into.* A court of equity is equally bound with a court of law to grant appropriate relief in the enforcement of a contract fairly entered into and unobjectionable in any of its features.

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding.

J. W. KERN, and C. G. HIRSCHI, for appellant.

W. E. LEWIS, and FREE P. MORRIS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

A demurrer to a bill filed in the circuit court of Iroquois county praying for the specific performance of a contract for the sale of about 200 acres of land was sustained by the trial court. An amended bill was thereafter filed, with a like prayer. To the amended bill a demurrer was also sustained, and the appellant electing to stand by the amended bill it was dismissed for want of equity and a decree entered to that effect. From this latter decree this appeal was perfected.

The case was decided in the trial court on the amended bill and demurrer thereto. The bill alleges that the complainant, the Dime Savings and Trust Company, is a corporation organized under the laws of Illinois, and having power, under the laws, to accept and execute trusts, its chief office being in Peoria; that it has complied with the Illinois law as to acting as such trustee; that Cyrus N. Roberts, of Peoria county, died about January 18, 1920, seized and possessed of certain described land in Iroquois county containing about 200 acres; that his will was probated in the probate court of Peoria county February 20, 1920, a copy thereof being attached as an exhibit to the amended bill; that by the will appellant was given full power and authority to convey any part or all of the property, real or personal, of Roberts, for such price and upon such terms as it shall deem best and expedient for the settlement of the estate; that about August 25, 1920, appellant sold the 200 acres to Carl Knapp and delivered to him an abstract of title; that at the same time the abstract was delivered Knapp paid appellant $1000 on the purchase price; that later the attorney for Knapp examined the abstract and pointed out certain defects in the title; that on December

17, 1920, the bank and Knapp entered into an agreement which is set out in full in the amended bill. The agreement recites that the Dime Savings and Trust Company, executor, is seized and possessed, as such executor, of the 200 acres of land here in question, and Knapp has agreed to pay therefor $70,000, of which he has paid $1000, and the remaining $69,000 is to be paid one-third on March 1, 1921, and the remainder in five years from March 1, 1921, with six per cent annual interest, to be secured by a first mortgage on the premises, and Knapp has agreed to pay all taxes, assessments or impositions upon the land subsequent to the year 1920. The contract further provides that the attorney for Knapp having deemed proper that before Knapp should complete the purchase a decree should be obtained from the circuit court of Iroquois county removing certain objections which the attorney has raised as to the sufficiency of the title and that the expense of such proceeding should be borne by the appellant, and as such decree may not be entered prior to March 1, 1921, at which time Knapp agreed to make settlement for the purchase of the premises, it was agreed that appellant would employ Knapp's attorney to file a bill quieting title as to the objections raised by him, which it is understood will make the title to the premises acceptable to appellee. The next two clauses of the contract are so important to a complete understanding of the contract that they are given in full, being as follows:

"2. That when the said decree is rendered, then the party of the second part agrees to complete and make final payment for the premises in accordance with the conditions above set forth, the cash payment of one-third of the remainder of the consideration to be then made and the remainder to be secured by notes and mortgage as above set forth, all with six per cent interest from March 1, 1921.

"3. That said party of the second part shall on March 1, 1921, enter into the possession of the premises above

described and farm the same during the ensuing year and until March 1, 1922, as the tenant of the first party, and that upon the completion of the purchase of said premises as hereinbefore set forth and the payment thereof in accordance with the terms above set forth the tenancy of said second party shall cease, as he will then become the owner thereof, but until settlement and payment for said premises is made said second party shall be deemed to be the tenant of said first party, such relation of tenant and landlord to exist between the parties prior to March 1, 1922, but only until such time as such decree quieting the title shall have been rendered and the completion of the sale consummated in accordance with the conditions set forth. Should the party of the second part fail to complete full payment for said premises as above provided prior to March 1, 1922, he shall pay to the party of the first part as rental for said premises for the year beginning March 1, 1921, and ending March 1, 1922, on March 1, 1922, the sum equal to six per cent interest on sixty-nine thousand dollars ($69,000) for one year, and the said party of the second part shall also pay all taxes and impositions that may be legally levied for the year 1921."

The amended bill sets forth that after the execution of the agreement appellant employed an attorney, who filed a bill in the circuit court of Iroquois county on May 10, 1921; that the cause came on for hearing June 21, 1921, at the June term of the court, and the court entered a decree quieting the title in accordance with the requirement of Knapp's attorney who had examined the abstract; that the attorney also did other acts that he deemed necessary to cure other defects which he claimed were in the title, and took all steps and did all things which it was necessary to take and do to cure the defects which he claimed were in the title; that on June 22, 1921, complainant had the abstract continued to that date, so as to show all the proceedings, orders, decrees and other things done to cure the

title, and that the abstract then showed a good unencumbered and merchantable title to the land in appellant, and the abstract was tendered to Knapp; that appellant has ever since said time, and before that time, been ready and willing to perform its part of the agreement upon Knapp paying one-third of the remainder of the purchase price and giving his note for $46,000, payable five years from March 1, 1921, with interest at six per cent from March 1, 1921, secured by mortgage on the land; that thereupon appellant would convey the land to Knapp, subject to taxes and assessments legally levied since 1920, and would allow Knapp to retain possession and the receipts and rents and profits from the time in the agreement mentioned; that Knapp has been in possession of the land since March 1, 1921, and has had the rents and profits and should have performed the agreement on his part; that on October 17, 1921, complainant tendered to Knapp a deed duly executed and Knapp refused to accept it and perform his part of the agreement; that complainant can make Knapp a good and sufficient title to the land, which Knapp well knows. The amended bill prayed that Knapp be compelled by a decree of court to perform the agreement.

The demurrer filed on behalf of appellee to the amended bill sets forth, among other points, the following: That appellant is the duly acting executor and trustee under the last will of Cyrus N. Roberts, and the bill does not set forth that the deed was executed as executor and as trustee but only sets forth that it was executed by the appellant as executor; that the contract is in the alternative, and the last paragraph shows that Knapp has the right to elect to purchase the land upon the terms and conditions therein provided or to occupy the land as tenant and pay the rent as therein provided; that until the time expired within which he was to elect, no bill for specific performance would lie,—that is, no bill would lie until March 1, 1922, whereas the bill was filed on or about October 27, 1921;

that there is a lack of mutuality of obligation in this : that the contract failed to fix any time within which the complainant was to clear the title to the land, and it did specifically provide that settlement should be made by Knapp on March 1, 1921, whether the title was cleared or not; that the contract is on its face unfair and unreasonable, in that it provides that full settlement should be made March 1, 1921, by Knapp, but if for any reason he fails to complete full payment prior to March 1, 1922, he shall pay as rent a sum equal to six per cent on $69,000 for one year and also pay all taxes and impositions for 1921 in addition to six per cent interest on the balance of the purchase price.   The demurrer further states that the bill shows that the appellant and appellee came to an agreement for the purchase of the land on or prior to August 25, 1920, and appellee insisted on appellant clearing certain material defects in the title; that no apparent effort was made by appellant to clear the title until about May 10, 1921, when a bill was filed and a decree was entered June 21, 1921, clearing the title; that a deed was tendered to appellee by appellant about October 17, 1921, practically a year and a half after the beginning of negotiations, with no explanation or excuse for appellant's negligence and delay in allowing two terms of the circuit court to pass without proceedings to clear title; that it is a fact of common knowledge that during all of said period the value of farm lands was falling in price through no fault of appellee, and that the bill does not in any manner present such a case as would justify a court of equity to decree specific performance.   Appellee prays the judgment of the court whether he shall be compelled to make any other or further answer to the bill and prays to be dismissed, etc.

The first point raised in the demurrer to the amended bill is that the deed executed by appellant, the Dime Savings and Trust Company, and tendered to appellee, was only signed by it as executor and should also have been

signed by it as trustee. The will of Cyrus N. Roberts set forth in the pleadings states that the testator names and appoints the Dime Savings and Trust Company executor, and further provides: "Full power and authority is hereby given to my said executor to sell and convey any part or all of my property, real or personal, for such price and upon such terms as my said executor shall deem best and expedient for the settlement of my estate. I do not desire any order of court necessary, and the purchaser or purchasers shall not be obliged to see to the application of the purchase money." The deed tendered by appellant, signed by it as executor, is sufficient under the power given in the will and would seem to be sufficient under the law to convey this property, under the reasoning of this court in *Griffin* v. *Griffin,* 141 Ill. 373.

The next point urged in the demurrer is that the contract is in the alternative, and that Knapp has the right to elect to purchase the land as provided or to occupy it as a tenant and pay the rent set forth, and that until the time within which he was to elect has expired, to-wit, March 1, 1922, no bill for specific performance would lie. The provision as to Knapp holding as tenant was placed in the contract to define the status of the parties in case the decree to quiet title was not secured at once. To suffer the entering of a decree to quiet title, or any other decree, is a matter for the court itself. A reasonable caution should dictate that the vendor of land would not agree that he would see that the court did a certain thing within a certain time. Knapp was given the possession and income of a large farm upon a cash payment of what would be about a fourth of its rental value for a year. The contract provided that when the title had been made satisfactory through proceedings in the circuit court, Knapp should pay $23,000 more on the purchase price and give a mortgage for the balance, with six per cent interest, commencing March 1, 1921. The contract also provided that

if Knapp failed to complete full payment prior to March 1, 1922, he should pay as rent six per cent interest on $69,000 for one year and pay the taxes. While there may be some ambiguity in some parts of the contract, in our judgment a reasonable construction of its provisions would appear to require that if Knapp paid six per cent interest on the unpaid purchase price to March 1, 1922, and the taxes, he should have the rents and profits for that year, and he would not be expected to pay six per cent as rental and also on the mortgage, but only the six per cent interest once. If Knapp were attempting to enforce specific performance against the bank this contract would hardly be construed to be indefinite for the reason urged in the demurrer, and we believe that a reasonable construction would require that so long as he pays the interest once and the taxes prior to the time he pays one-third of the balance and gives back a mortgage for the remainder, he will be considered as having an equivalent by reason of occupying the farm and getting the profits, and that no arrangement is required by the contract whereby the interest paid as rent and the interest paid on the mortgage overlap, or whereby in any other manner he pays interest twice for any portion of the time. The special demurrer on this point should not have been sustained.

It is also urged in the demurrer that the bill shows that Knapp and the bank came to an agreement for the purchase of the land about August 25, 1920, and the matter of the objections to the title came up at that time; that no effort was made to clear the title until May 10, 1921, when the bill for that purpose was filed; that the decree was entered June 21, 1921, and the bank tendered the deed and abstract October 19, 1921. The contract does not set forth a definite date within which the title should be perfected. Indeed, as before stated, it would hardly seem proper for the parties to contract that the court should do a certain thing within a certain time,—that is, that they

should specify when the court should perfect the title as required by the agreement,—although they might properly agree that appellant should perform its part of the contract with reasonable diligence in seeking to get the title corrected within a reasonable time, and that if a decree was not entered by a certain date the agreement should be void, or such other arrangement should then be made as the parties might specify. In our judgment the contract should be construed to mean that appellant was to take steps with due diligence to obtain a decree within a reasonable time. This reasonable time should date from the execution of the written contract, December 17, 1920, and not from the oral arrangements between appellant and appellee, apparently made in August, 1920, before, when Knapp paid $1000 on the purchase price. The terms of the circuit court of Iroquois county commence on the first Tuesday of March, the third Tuesday of June and the second Tuesday of November. (1 Hurd's Stat. 1921, p. 978.) This decree was not obtained at the following March term but was obtained at the June term. The preparation of a bill to clear title is liable to take considerable time, particularly if much study is required of the chain of title and legal points involved and if diligent inquiry for defendant is necessary in order to have notice by publication. We do not believe that the passing of one term of court before the decree was obtained was an unreasonable delay in clearing the title. If the parties had inserted a definite date in the agreement by which it was positively agreed to have the title cleared, if at all, it is not at all likely that appellant would have been willing to designate, or appellee would have demanded, that it name the very next term after the making of the contract.

We are not unmindful of the fact that it is stated in the demurrer that the price of farm lands was steadily falling during the time covered by these transactions, but we find nothing in the record to show, positively, that the

price agreed on in this contract was very much too high or too low, or whether it was a fair cash market value of the land at the time the contract was executed. In any event, if we have properly construed this contract there is nothing in the record that would justify the court in refusing to require the specific performance of the contract because appellee agreed to pay more than the land was worth at the time the contract was to be complied with or because he made a mistake in judgment as to the actual value of the land. A court of equity is equally bound with a court of law to grant appropriate relief in the enforcement of a contract fairly entered into and unobjectionable in any of its features. *Fowler* v. *Fowler,* 204 Ill. 82; *Cumberledge* v. *Brooks,* 235 id. 249; *Anderson* v. *Anderson,* 251 id. 415.

The decree of the circuit court will be reversed and the cause remanded, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*