JOSEPH B. JOHNSON, ESTELLA JOHNSON and DOROTHY GRAHAM v. MAX SCHUCHARDT, Appellant.—63 S. W. (2d) 17.

Division One, August 24, 1933.

*George K. Brasher* and *Montgomery, Martin & Montgomery* for appellant.

784

*A. L. Shortridge* and *Paul Barnett* for respondent.

FRANK, P. J.—Action in equity by respondents, plaintiffs below, to reform a contract for the sale of real estate, and to enforce specific performance of the contract as reformed. The court below decreed reformation of the contract as prayed, and ordered that defendant specifically perform the contract as reformed by paying to plaintiffs the agreed purchase price. Defendant appealed.

By the terms of the contract of sale entered into on February 21, 1928, plaintiffs agreed to sell to defendant, and defendant agreed to buy from plaintiffs, a certain tract of land located near Sedalia, Missouri, for the sum of $16,000.

The contract provided that the owners should furnish to the buyer a complete abstract showing a good and merchantable title to said land in the owners. The contract also contained the following further provision:

"It is further understood and agreed that the said buyer, upon receipt of said abstract of title shall have same examined and if defects should be found therein, shall furnish to said owners statements of such defects in title and objections to the abstract as he may find. Thereupon the said owners shall remedy the said defects and objections, provided that same can be done within a reasonable time and at a reasonable expense. If, however, said defects cannot be so remedied then this contract shall be cancelled and abrogated and the five hundred dollars purchase money paid hereunder by the buyer shall be repaid to him."

The contract was signed on February 21, 1928. Shortly thereafter plaintiffs delivered to defendant the abstract of title. Thereafter on March 3, 1928, defendant furnished to plaintiffs a written statement of his objections to the abstract. Upon receipt of defendant's objections to the title, plaintiffs employed counsel who conferred with defendant's counsel concerning such objection. Plaintiffs' counsel took the position that defendant's objections were not well founded, and did not constitute a cloud upon the title. A written opinion to that effect was furnished by plaintiffs' counsel. The lawyers failed to agree and plaintiff prepared to take the necessary steps to remove any apparent cloud upon the title by reason of said alleged defects. Plaintiffs filed a suit for that purpose, returnable to the first term of court after the execution of the contract of sale. The suit was prosecuted with due diligence and tried at the return term, on June 10, 1928. The cause was taken under advisement and a decree rendered the following November in which the court vested the title in fee in plaintiffs, holding that none of the alleged defects constituted a cloud upon or defect in the title. This decree was affirmed by this court

on November 20, 1931. [Johnson v. Ferguson, 329 Mo. 363, 44 S. W. (2d) 650.]

Appellant's first contention is that the court erred in decreeing reformation of the contract in accordance with the prayer of the first count in the bill.

It is alleged in the assignment of errors that the court erred · in reforming the contract, but that question is not mentioned in the brief or argument and for that reason is not properly presented for review under our rules. [Moffet v. Butler Mfg. Co., 46 S. W. (2d) 869, 973; Aulgur v. Strodtman, 329 Mo. 738, 46 S. W. (2d) 172, 173; Burch v. Cleveland, C. C. & St. L. Ry. Co., 328 Mo. 59, 40 S. W. (2d) 688, 693.]

Appellant's next contention is that time was of the essence of the contract, and as respondents could not and did not correct the alleged defects in the title within the time contemplated by the parties, specific performance of the contract should have been denied.

Parties to a contract for the sale of real estate may make time of the essence of the contract by express stipulation in the contract to that effect, but where the contract does not expressly provide that time shall be of its essence, the court will look to the language employed, and to the nature and purpose of the contract and to the circumstances under which it was made in order to determine whether the parties intended that time should be of the essence of the contract. [Wimer v. Wagoner, 323 Mo. 1156, 1164, 20 S. W. (2d) 650, 652.] In ascertaining the intention of the parties, it may be shown by parol that at the time the contract was made, time was considered as of its essence, provided the parol evidence offered does not tend to vary or contradict the terms of the written contract. [Wimer v. Wagoner, supra.]

The contract in the case at bar was entered into on February 21, 1928. It does not make time as of its essence by express stipulation. Neither is any particular time specified for the performance of any act by either of the parties. The contract provides that the deed shall be delivered when the defendant approves the title, and that the purchase price shall then be paid, provision being made for certain deferred payments. Appellant was buying the land for cemetery purposes. He contends that it was understood between the parties that the contract of sale was to be consummated within sixty days from its date, or at least in time for him to plat the ground into lots, and landscape it by planting trees, shrubs and flowers in time to have them growing by Decoration Day, May 30, 1928. This contention is based on parol testimony to the effect that such was the talk and verbal understanding between the parties prior to the time the written contract was entered into.

The written contract provided that if upon examination of the abstract, the buyer should find defects therein, he should furnish

to the seller a statement of such defects in title and objections to the abstract, whereupon the seller should remedy such defects and objections, provided that same could be done within a reasonable time and at a reasonable expense. What would be a reasonable time in which to correct a defective title in any case, would necessarily depend upon the character of the defect and the acts necessary·to be performed in order to correct it. ■ The parol evidence upon which appellant relies to support his contention that respondents were to furnish an abstract showing merchantable title to the property, and complete the contract of sale within sixty days, or within any specified time, contradicts the plain terms of the written contract which gave respondents a reasonable time in which to correct defects in title. It is settled law that the terms of a written contract may not be varied or contradicted by parol evidence. Appellant's contention amounts to an attempt on his part to substitute the prior verbal understanding between the parties for the written contract which was later entered into.· If appellant desired the contract of sale to be completed within sixty days, or within any specified time, he should have so provided in the contract.

■ The courts hold that reasonable time for perfecting a title contemplates time within which to institute and prosecute with due diligence a suit to quiet title, where the defects to be corrected require such action. The case of Betts v. Thrasher, 138 So. 500, so holds. In that case the contract of sale provided that the vendors should perfect the title within a reasonable time. The objections interposed showed a defect which required a suit to quiet title. Such a suit was filed thirty-seven days after the objections were stated. In disposing of the contention that the purchaser had a right to rescind the contract, that court said:

"The vendor under the terms of the contract had a reasonable time in which to furnish an abstract. He furnished it promptly. Objections to the title were brought to the attention of the vendor at an early date, that is, about the 20th of October, 1925. . . . The suit was pushed with reasonable diligence and a final decree obtained within a reasonable time and without unnecessary or unusual delay; the final decree being entered on April 9, 1926. This was five months and two days after the filing of the suit. . . . There was no such delay upon the part of the vendor in carrying out the terms of his contract which would warrant the vendee in rescinding the contract and demanding the return of the purchase money paid."

Another case in point is Nicholson v. Lieber (Tex. Civ. App.), 153 S. W. 641. In that case the contract provided that "If any defects in title are found, same are to be pointed out to grantors by grantee, or his attorney. and grantors are to have a reasonable time to cure said defects." In that case, as in the case at bar, when the defects were pointed out the buyer took the position that he had the right

to reject the contract because the title was defective. In disposing of the contention there made, that court said:

"It cannot be denied that when he did point them out on May 26, 1910, and refused to accept the title because of defects apparent of record, which reduced the title to one of limitation, the appellant was entitled to a reasonable time to cure such defect. A title by limitation can be perfected into a record title by either one of two methods: By proper release or deeds from all adverse claimants, or by suit and final adjudication between all claimants in a court of competent jurisdiction. *By either course it might have been possible for appellants to have perfected their title within a reasonable time.*" (Italics ours.)

Other cases to the same effect are Foster v. Elswick (Ark.), 4 S. W. (2d) 946; Smith v. David (Ga.), 148 S. E. 265, 271; Milton v. Crawford (Wash.), 118 Pac. 32, 36; Dime Savings and Trust Co. v. Knapp (Ill.), 138 N. E. 723.

In the case at bar the record shows that some thirty-five years prior to the sale in question, the then owner filed for record a plat showing the property platted into lots and blocks as an addition to the city of Sedalia. The streets and alleys shown on this plat were never opened for public use. Appellant took the position that the recorded plat constituted a fatal defect in the title to the property, in that the streets and alleys shown on the plat were subject to an easement for the benefit of the public for use as streets and alleys. On April 2, 1928, appellant's attorney wrote a letter to respondents' attorney in which he, as a representative of appellant, declined to complete the contract of sale, giving the following reason therefor:

"There is so much doubt regarding the facts and the legal rights of the public and the abutting property owners upon the streets and alleys in this addition that we cannot advise our clients to take this title."

On April 6, 1928, four days after receiving above letter, respondents instituted a suit for the purpose of perfecting the title to the property by having the plat in question declared null and void. That suit was brought to and tried at the May Term, 1928, which was the first term of court after appellant refused to accept and pay for the property. The court took the cause under advisement until the following November at which time a decree was rendered adjudging the plat to be null and void and vesting the title to the entire tract of land in fee in the plaintiffs in that suit. It cannot be said that the suit to quiet title was not prosecuted with due diligence. The suit was brought to and tried at the first term of court after appellant rejected the contract. The delay caused by the court taking the case under advisement cannot be charged to the plaintiffs in that suit. Neither can appellant say that a suit to quiet the title was not necessary. His attorney gave a written opinion on the abstract of title in

which he stated, in effect, that the only possible way to get title to the streets and alleys shown on the plat would be to induce all owners of property abutting on the streets and alleys shown on the plat to join in a suit asking for the vacation of the streets and alleys. He even expressed doubt as to whether or not that procedure would be effective.

■ Further contention is made that although time was not of the essence of the contract, the title should have been marketable on the date of the filing of the suit for specific performance, and, in every possible case, before a decree for specific performance is rendered.

Where, as in this case, time is not of the essence of the contract, a decree for specific performance will be rendered although the title was not perfected at the time the contract of sale was made, or at the time the suit for specific performance of the contract was filed, if it appears that the title is perfected at the time the decree for specific performance is rendered. [Luckett v. Williamson, 37 Mo. 388; Hobson v. Lennox, 201 S. W. 964; 58 C. J. sec. 384, p. 1106.]

■ The record in this case shows that the decree of the circuit court quieting the title was rendered more than a year before the decree awarding specific performance of the contract. However, appellant contends that because an appeal from the decree quieting the title was pending at the time the decree for specific performance of the contract was rendered, the decree quieting the title was not final, and for that reason the title was not marketable at the time the decree for specific performance was rendered.

Regardless of the merits or demerits of this contention, appellant is not in a position to raise the question. About two weeks after the contract was signed, and before the suit to quiet title was filed, he repudiated the contract, bought another plot of ground for $5,000 less than he had agreed to pay for respondents' land, and proceeded to plat and build a cemetery thereon. When the decree of the circuit court quieting the title was rendered, appellant. although not a party to that suit, encouraged an appeal therein by furnishing the money with which the cost and expenses thereof were paid. If appellant had a lawful right to repudiate his contract with respondents because of an alleged defect in the title, without giving respondents a reasonable time to correct the alleged defects, as provided in the contract, his skirts were clear, and the final outcome of the suit to quiet title was no concern of his. But regardless of the effect of the appeal on the finality of the decree of the circuit court quieting the title, we may safely say that if the appeal had not been taken that decree would have been final and the title marketable on the day the decree for specific performance was rendered. To allow appellant to now say that the decree of the circuit court quieting the title was pending on appeal and therefore not final at the time the decree for specific performance was rendered, when he himself fostered the appeal by

intermeddling in the suit to which he was not a party, would permit him to take advantage of his own wrong.

The decree below was for the right party and should be affirmed. It is so ordered. All concur.