BENSON v. MEACHAM et al.

No. 12621.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 2, 1953.

Rehearing Denied Dec. 30, 1953.

———◆———

Owens & Purser, Eugene G. Nelson, Austin, for appellant.

Leo Darley, Uvalde, for appellees.

NORVELL, Justice.

This is an action for damages for breach of a contract to sell and convey real estate. Harvey Stanley Benson, Jr., appellant here and plaintiff below, entered into an agreement with Rosa Melvina Meacham and her husband, J. A. Meacham, on March 3, 1951, whereby he was granted an option to purchase 168 acres of land owned by Mrs. Meacham. The contract expressly provided that,

"Parties of the First Part (the Meachams) agree that at any time within said 18 months period that Parties of the Second Part (Benson) desire them to do so, that they will execute and deliver to them (sic) a good and sufficient Warranty Deed conveying such property to the Party of the Second Part for the consideration of $100.00 per acre. If Party of the Second Part does not so desire them to convey such land within such 18 months period mentioned above, then and in that case, this option shall expire."

Appellant alleged that in July of 1951 he informed the appellees that he was ready, willing and able to perform and pay over the money, but that they refused to proceed and repudiated the contract. He asked for damages to be measured by the difference in the market value of the land at the time of repudiation and the sum of $100 per acre which he had agreed to pay for the 168 acres.

As an alternative, appellant sought a recovery upon a quasi contract theory, alleging that shortly after the option agreement was signed, he entered upon the land with appellees' consent and began to clear the brush off the same, build earthen water tanks thereon, etc., and that such operations increased the value of the land.

The jury, inter alia, found, (1) that at the time appellee Rosa Melvina Meacham informed appellant that she would not carry out the contract of sale, the appellant informed her that he was ready, willing and able to consummate the agreement and pay for the land; (2) that at such time appellant was in fact ready, able and willing to pay for the land; (3) that the clearing work done on the land had enhanced its value; (4) by $2,000; (5) that the reasonable market value of the land was $18,800 at the time the contract was repudiated; (6) that appellees had consented for the appellant to

commence the work of clearing brush and building tanks upon the premises.

■ Apparently the trial court's judgment that appellant take nothing was based upon the jury's answers to Special Issues Nos. 7, 8 and 11. By these answers the jury found (7) that at the time the option agreement was signed, the appellant represented to appellees that if he did not obtain the money to consummate the purchase within three months from such date he would return the option, and (8) that such representation caused appellees to execute the option. The jury also found (11) that at the time Rosa Melvina Meacham informed appellant that she would not consummate the sale, the appellant made no tender of the purchase price.

The law does not require the doing of a useless thing, and "no tender is required when the vendor has declined to receive payment, or has refused to convey or otherwise perform the contract." 43 Tex.Jur. 213, Vendor and Purchaser, § 134. The jury found that appellees had refused to perform and so informed appellant. The evidence indicates that this refusal was based upon the proposition that appellant had not procured a loan within three months after the date of the option agreement and had not offered to pay for the land within such period. Mrs. Meacham testified that had the purchase money been tendered to her in cash (presumedly after said three months period) she would not have accepted it.

There was no issue of the statute of frauds or coverture raised in the case, and the only question relates to the effect of the jury's finding that appellant represented that he would return the option within three months if he were unable to secure a loan and pay the purchase price.

The effect of this oral representation or agreement would be to reduce the period specified in the written agreement from eighteen months to three months. The parol evidence rule precludes this effect being given to the oral agreement. Austin Bros. v. Patton, Tex.Com.App., 294 S.W. 537; Johnson v. Schuchardt, 333 Mo. 781, 63 S.W.2d 17, 89 A.L.R. 914; Wigmore on Evidence (3rd Ed.) § 2426, 31 Tex.Law Review 786.

But it is said that the jury found that appellant was guilty of inducing fraud in securing the execution of the contract. It seems to be asserted that because appellant said he would procure a loan and exercise his option within three months he is now precluded from relying upon the eighteen months period of performance. This argument is answered by the early case of Towner v. Lucas, 1857, 13 Grat. 705, wherein the Supreme Court of Virginia said:

"It is reasoning in a circle, to argue that fraud is made out, when it is shown by oral testimony that the obligee, contemporaneously with the execution of the bond, promises not to enforce it. Such a principle would nullify the rule; for conceding that such an agreement is proved, or any other contradicting the written instrument, the party seeking to enforce the written agreement according to its terms, would always be guilty of fraud. The true question is, was there any such agreement, and this can only be established by legitimate testimony. For reasons founded in wisdom and to prevent fraud and perjuries, the rule of the common law excluded such testimony of the alleged agreement; and as it cannot be proved by legal evidence, the agreement itself in legal contemplation, cannot be regarded as an existing fact. Neither a court of law or of equity can act upon the hypothesis of fraud where there is no legal proof of it."

We are further of the opinion that appellees' position cannot be sustained in view of the case of Johnson v. Portwood, 89 Tex. 235, 34 S.W. 596, 787, and the holdings of this Court in Tackett v. Cunningham, Tex. Civ.App., 91 S.W.2d 965.

We hold that under the jury's findings, appellant was entitled to recover of appellees the difference between the value of the land when he sought to exercise his option and the contract price. We need not dis-

190

cuss appellant's theory of recovery under a quasi contract. Apparently, the jury believed that the enhancement of the market price was due to the improvements made thereon by appellant. However, the recovery herein awarded fully compensates appellant in damages.

The trial court erred in overruling appellant's motion for judgment, and the judgment appealed from is accordingly reversed and judgment here rendered for appellant and against appellees for the sum of $2,000, together with interest thereon at the rate of six per cent per annum from April 2, 1953 (the date of the judgment below) until paid. Rule 434, Texas Rules of Civil Procedure.

Reversed and rendered.