[Civ. No. 21465. Second Dist., Div. Three. July 3, 1956.]

GEORGE KATEMIS et al., Respondents, v. IONE M. WESTERLIND, Appellant.

Martin, Hahn & Camusi and Robert H. Powsner for Appellant.

Daniel E. Farr and Richard P. Roe for Respondents.

VALLEE, J.—Appeal by defendant from an adverse judgment in a suit for specific performance of a contract for the sale of realty and damages. On a prior trial a judgment of

nonsuit was rendered. On appeal that judgment was reversed. (*Katemis* v. *Westerlind,* 120 Cal.App.2d 537 [261 P.2d 553].)

Defendant was the owner of a parcel of realty in Los Angeles improved with a furnished apartment house. On February 23, 1952 plaintiff George Katemis and defendant signed the instrument, pertinent provisions of which are copied in the margin,[1] by which Katemis agreed to buy and defendant agreed to sell the property for $35,000. Solaris, who also signed the instrument, was a real estate salesman representing plaintiffs. On the same day Katemis delivered to Solaris a check for $1,000 to be used as a down payment. The instrument provides that the balance of the purchase

---

[1] The instrument reads: "Los Angeles, California, February 23 1952

"Received from George Katemis hereinafter called 'purchaser' Address_____, the sum of_____Dollars, as a
 (Cash) (Check)
deposit on account of the purchase price of the following described property, [description] . . . for the purchase price of Thirty-five thousand Dollars and Bonds of Record with an unpaid balance not to exceed $ none The balance of the purchase price is to be placed in Escrow, with the Security Bank within 2 days from date hereof. . . . Termite clearance to be furnished by Seller showing property free and clear of termites from a licensed termite operator.

"And It Is Hereby Agreed: 1st That in the event said purchaser shall fail to pay the balance of said purchase price or complete said purchase as herein provided, the amounts paid hereon shall be retained, one-half by real estate agent, provided, however, that said real estate agent's portion of any forfeiture shall not exceed the amount of his commission and balance to be paid to seller, in consideration of accepting this agreement.

"7th—Time is the essence of this contract; but the time for any act required to be done may be extended not longer than thirty days by the undersigned agent.

"9th—It Is Understood And Agreed that this agreement contains the entire agreement between the Buyer and Seller, and it is further understood and agreed that no representative or agent has any power to change, modify or make any terms or representations whatsoever, other than those herein stated; that all representations not herein set out are expressly waived by [t]he Buyer.

"Atomic Realty Co. Real Estate Broker, License No._____

"By /s/ Solon C. Soteras [Solaris] Salesman

"I agree to purchase the above described property on the terms and conditions herein stated.

"Purchaser ( /s/ George Katemis

"I agree to sell the above described property on the terms and conditions herein stated and agree to pay the above signed broker as a commission the sum of Five hundred Dollars, or one-half the deposit in case same is forfeited by purchaser, provided the same does not exceed the full amount of the commission.

"Seller ( /s/ Ione M. Westerlind"

price be placed in escrow "within 2 days from date hereof" and that "[t]ime is the essence of this contract; but the time for any act required to be done may be extended not longer than thirty days by the undersigned agent [Solaris]."

On February 25, 1952, the parties entered into an escrow with Security bank and delivered to it escrow instructions, pertinent provisions of which are copied in the margin.[2]

---

[2]"Escrow Instructions February 25 1952

"BUYER

"To Security-First National Bank of Los Angeles

"[Line 1] PRIOR TO March 1, 1952, I will hand you $20,100.00....... and any additional funds and instruments required from me to enable you to comply with these instructions, which you are to use provided on or before the date set forth on line 1 above, as qualified by the provision at the top of page 2 hereof, instruments have been filed for record entitling you to procure...... Standard Coverage Form or Joint Protection policy of insurance, with title company liability for....... the amount of total consideration on real property in the County of Los Angeles...... State of California, viz.: [description].......showing Title vested in George Katemis and Tula Katemis, his wife, as joint tenants.......Free of encumbrances except: ... Mortgage or Trust Deed securing an indebtedness as per its terms, now of record (Lender's statement to show an unpaid balance of principal of $14,900.00 . . .). Seller herein will furnish a report from a pest control company, covering termites, dry rot and fungus affecting the improvements located at 7352 to 7358 Reseda Blvd., Reseda, Calif., If said report discloses infestation, seller agrees to eliminate such infestation and repair damage at his expense, but no preventative work shall be required. Seller authorizes payment for making inspection report if a bill is presented in this escrow. As part of the consideration, Seller will deposit in escrow for delivery to buyer at closes of escrow, unrecorded, a Bill of Sale in favor of the buyer, covering furniture and fixtures situated in Apartments 2, 3 and 4 of the above described property. . . .

" (Page Two)

"If the conditions of this escrow have not been complied with prior to the date set out on line 1, or any extension thereof, you are nevertheless to complete the escrow as soon as the conditions, except as to time, have been complied with, unless written demand shall have been made upon you not to complete it. Affix $22.55 U.S.R. Stamps on deed, to be paid by SELLER.......

---

"Buyer's "Buyer's
Signature /s/ George Katemis Signature /s/ Tula Katemis
"Street
Address 850 W. 119th St.,
"City
& Zone Chicago, Illinois ......

"SELLER

"February 25, 1952

"I HEREBY APPROVE AND AGREE TO BE BOUND BY THE FOREGOING INSTRUCTIONS AND PROVISIONS. PRIOR TO the date set out on line 1 herein, I will hand you all instruments and money necessary for me to comply therewith, including a deed of the property described, executed by Ione M. Westerlind, a married woman which you are authorized to deliver

The instructions said in line 1 that "PRIOR TO March 1, 1952, I will hand you $20,100.00.....and any additional funds and instruments required from me to enable you to comply with these instructions, which you are to use provided on or before the date set forth on line 1 above, as qualified by the provision at the top of page 2 hereof, instruments have been filed for record entitling you to procure........Standard Coverage Form or Joint Protection policy of insurance, with title company liability for......the amount of total consideration on real property in the County of Los Angeles........ State of California, viz.: [description]........showing Title vested in George Katemis and Tula Katemis, his wife, as joint tenants......Free of encumbrances except:......Mortgage or Trust Deed securing an indebtedness as per its terms, now of record (Lender's statement to show an unpaid balance of principal of $14,900.00. . . .)" The provision at the top of page 2 reads: "If the conditions of this escrow have not been complied with prior to the date set out on line 1 [March 1, 1952], or any extension thereof, you are nevertheless to complete the escrow as soon as the conditions, except as to time, have been complied with, unless written demand shall have been made upon you not to complete it." There were 29 days in February 1952. Thus plaintiffs agreed to deposit the $20,100 in escrow within four days after signing the instructions.

Defendant complied with all terms of the instrument of February 23, 1952, and of the escrow prior to March 1.[3] Plaintiffs' check for $1,000 was deposited in the escrow on February 25. On February 29 plaintiffs mailed $19,350 from Chicago to the escrow holder. The $19,350 was received by the escrow holder on March 3. In all other respects plaintiffs complied with all the terms of the instrument of February 23 and of the escrow prior to March 1. On March 5 defendant,

---

provided you hold in this escrow for the account of the parties executing said deed... the money....... and instruments deliverable to me under these instructions. . . . Pay any encumbrances necessary to place title in the condition called for and the following: . Pay commission of $500.00 to Atomic Realty Co., (Real Estate Broker's License No. 84840), whose address is 8659 W. Pico Blvd., Los Angeles 35, Calif. . . .
"Seller's
 Signature /s/ Ione M. Westerlind
"Street
 Address 7340 Reseda Blvd., Reseda, Calif."
 [3]At the former trial it appeared that defendant did not deposit the termite clearance in the escrow until March 3; at the second trial the evidence was that it was deposited prior to March 1.

in writing, instructed the escrow holder to cancel the escrow because ''purchasers did not comply with their agreement in said escrow to deposit with you the sum of $20,100.00 prior to March 1, 1952.''

The court found the facts as related and: 1. The instrument of February 23 and the escrow instructions constitute a written contract whereby plaintiffs agreed to buy and defendant agreed to sell the property. 2. Time was not made of the essence of the contract. 3. On March 5 defendant repudiated the contract. 4. The consideration was the fair and reasonable value of the property. 5. The contract was fair and equitable and the consideration adequate. 6. There was no change in the fair and reasonable value of the property between February 23 and March 3, 1952. The conclusion was that plaintiffs are entitled to specific performance of the contract and judgment was entered accordingly. Defendant appeals.

The specifications of error are that the court erred in excluding extrinsic evidence to prove time was of the essence of the contract and in rendering judgment for specific performance ''where there was no pleading, no proof, no finding that plaintiffs' default by delay was excusable, nor immaterial, nor without prejudice, to defendant.''

At various times throughout the trial defendant offered to prove by witnesses on the stand that prior to signing the instrument of February 23, 1952, she told plaintiffs she had another deal pending, the balance of the purchase price had to be paid before March 1, she had to have the money fast, that that was the only reason for making the sale; and it was understood by the parties that time was of the essence—in effect that the benefit to accrue to defendant from the consideration to be paid materially depended on strict payment of the purchase price in point of time. The court excluded the evidence on the ground it was an attempt to vary the written contract by parol.

In equity the general rule is that time is not of the essence unless it is made so by express terms or is necessarily so from the nature of the contract. (Civ. Code, § 1492; *Miller* v. *Cox*, 96 Cal. 339, 345 [31 P. 161]; 12 Cal.Jur.2d 380, § 162; 3 Williston on Contracts (rev. ed. 1936) 2385, § 852.) If it clearly appears from the contract that time is of the essence, it will be so regarded in equity. (12 Cal.Jur.2d 382, § 163.) Where the time for performance is stated and if time is not expressly made of the essence

by a written contract, it is held that extrinsic evidence is admissible to show time was considered by the parties as of the essence; and that such evidence does not contradict or vary the writing, but confirms it by showing that it means just what its terms provide. (81 C.J.S. 629, § 106c, 720, § 141; 55 Am.Jur. 589, § 113; 3 Williston on Contracts (rev. ed. 1936) 2372, § 846, note 4; anno: 89 A.L.R. 920.) Plaintiffs maintain the contract specifically provides that time is not of the essence, and that to permit extrinsic evidence to show that time is of the essence would be to contradict and vary the terms of the contract. ■■■ The question therefore is: Does the contract specifically provide that time is not of the essence?

The question is settled by the decision on the prior appeal. On the same evidence the court on the prior appeal held that: the instrument of February 23, 1952, and the escrow instructions were to be construed together; the fact that funds reached the escrow holder on March 3, 1952, and not prior to March 1, did not defeat plaintiffs' right to specific performance; and "[i]n examining the instrument prepared on February 23, 1952, by Mr. Solaris containing the buyers' offer, which was accepted by defendant, the following time-clause appears: 'Time is the essence of this contract, but the time for any act required to be done may be extended not longer than thirty days by the undersigned agent.' Here we are confronted with an unmistakable indication that performance by the vendee, on the day nominally appointed, cannot be of crucial significance to the vendor, since Mr. Solaris, the agent of the plaintiffs in this case and under accustomed principles of agency susceptible to direction by his principal, is given the right to defer the performance of any act for an additional 30 days, without even a provision for notice. Under such circumstances, it hardly lies in the mouth of defendant to assert that payment by the vendee before March 1, 1952, was essential or of compelling materiality when the buyers' agent was empowered to extend the performance of this or any other act to a time beyond the dates here involved. To lodge such authority in the buyers' agent is inconsistent with the supposition that the precise time specified for the buyers' performance is of the essence of the contract." (*Katemis* v. *Westerlind*, 120 Cal.App.2d 537 [261 P.2d 553].)

The doctrine of the law of the case applies. ■■■ The doctrine is applied to the principles of law laid down by the court on appeal as applicable to a retrial of fact. (*Moore*

v. *Trott,* 162 Cal. 268, 273 [122 P. 462].) When a reviewing court in deciding a case states in its opinion a principle or rule of law necessary to the decision, that principle or rule, whether right or wrong, becomes the law of that case and it must be adhered to throughout its later progress both in the trial court and on any succeeding appeal. (*Allen* v. *California Mut. Bldg. & Loan Assn.,* 22 Cal. 2d 474, 481 [139 P.2d 321]; *Estate of Baird,* 193 Cal. 225, 234 [223 P. 974].) Where there is no substantial difference in the facts in the record on a former appeal and in the record on a later appeal, the doctrine is applicable. (*Estate of Baird,* 193 Cal. 225, 235 [223 P. 974].)

 The law of the case was settled by the opinion on the former appeal. The facts are the same. The same contract that was before the court, in issue, and construed on the former appeal was before the court on the second trial and is before us now. The court's construction of the contract on the former appeal is the law of the case. It was binding on the court at the second trial and is binding on us. It was that the contract specifically provides that time is not of the essence. To permit extrinsic evidence for the purpose of showing that time was of the essence would be to contradict and vary the express terms of the contract.

 Extrinsic evidence is admissible to show that time was considered by the parties as of the essence of a written contract for the sale of realty only when it does not tend to contradict or vary the terms of the contract. (55 Am.Jur. 589, § 113.) *Johnson* v. *Schuchardt,* 333 Mo. 781 [63 S.W.2d 17, 89 A.L.R. 914], was for specific performance of a contract for the sale of realty. The contract provided that if the buyer should object to the title, the vendor should have a reasonable time within which to perfect the title. The buyer sought to show by extrinsic evidence that the vendor was to furnish an abstract showing merchantable title to the property and complete the contract within 60 days. The court held (63 S.W.2d 19):

"The written contract provided that, if upon examination of the abstract the buyer should find defects therein, he should furnish to the seller a statement of such defects in title and objections to the abstract, whereupon the seller should remedy such defects and objections, provided that same could be done within a reasonable time and at a reasonable expense. What would be a reasonable time in which to correct a defective title in any case would necessarily depend upon the

character of the defect and the acts necessary to be performed in order to correct it. The parol evidence upon which appellant relies to support his contention that respondents were to furnish an abstract showing merchantable title to the property, and complete the contract of sale within sixty days, or within any specified time, contradicts the plain terms of the written contract which gave respondents a reasonable time in which to correct defects in title. It is settled law that the terms of a written contract may not be varied or contradicted by parol evidence. Appellant's contention amounts to an attempt on his part to substitute the prior verbal understanding between the parties for the written contract which was later entered into. If appellant desired the contract of sale to be completed within sixty days, or within any specified time, he should have so provided in the contract."

(To the same effect, *Lindberg* v. *Brandt*, 350 Ill.App. 317 [112 N.E.2d 746]. *Cf. Benson* v. *Meacham*, (Tex.Civ.App.) 263 S.W.2d 188, in which it was held extrinsic evidence was not admissible to show that an option period was 3 months when the written contract specified 18 months.) ▮ Time is not of the essence of a contract which provides for a reasonable time. (*Colorado Woman's College* v. *Bradford-Robinson Printing Co.*, 114 Colo. 237 [157 P.2d 612, 616]; *Boswell* v. *United States*, (5 Cir.) 123 F.2d 213.) ▮ Where the contract shows time was not deemed to be of the essence, equity may decree specific performance although the act was done after the date fixed in the contract. (17 C.J.S. 1052, § 502.)

▮ The court did not err in excluding evidence proffered for the purpose of showing that time was of the essence of the contract.

▮ The specification that there was no pleading, no proof, and no finding that the delay in making the deposit in escrow was excusable, immaterial, or without prejudice to defendant is without merit. Since time was not of the essence of the contract, whether there was pleading, proof, or finding in these respects is of no consequence. Plaintiff had a reasonable time within which to perform. The 29th of February 1952 was a Friday. The bank closed at the usual hour that day and was closed the following Saturday and Sunday. The balance of the purchase price was in the bank before it opened for business the following Monday morning. It is manifest that plaintiff performed within a reasonable time.

Lastly, defendant says the court erroneously excluded evidence offered by her to show she suffered great damage by the delay. She does not refer to the record in support of this claim. We do not search the record to find error.
Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied July 24, 1956, and appellant's petition for a hearing by the Supreme Court was denied August 30, 1956. Schauer, J., was of the opinion that the petition should be granted.