Marvin Lloyd LEESON, Doris V. Leeson, Respondents,

v.

Monte L. ETCHISON and Fay E. Etchison, Appellants.

No. WD 33404.

Missouri Court of Appeals, Western District.

April 12, 1983.

Alden S. Lance, Savannah, for appellants.

Philip Eveloff, St. Joseph, for respondents.

Before TURNAGE, P.J., and DIXON and CLARK, JJ.

CLARK, Judge.

Respondents Marvin Lloyd Leeson and Doris V. Leeson filed suit for specific performance of an agreement by appellants Monte L. Etchison and Fay E. Etchison to convey a three acre tract which the Leesons had occupied approximately seven years as a home site. After a bench trial, the court ordered the deed executed and delivered and the Etchisons appeal.

The evidence presented, supportive of the judgment which the trial court entered, entitled the fact finder to determine the following pertinent background to the dispute. The parties for many years were close personal friends while residents in St. Joseph, Missouri. In 1972, the Etchisons moved to a mobile home located on 23 acres of land owned by Etchison's uncle near Savannah. Some two years thereafter, the families discussed the possibility of the Leesons moving to the same acreage so that the personal association of the families could continue and the Leesons could aid in caring for Etchison's uncle who was partially disabled.

Although Etchison did not own the acreage at the time, he expected to acquire it when his uncle died and he agreed to deed three acres to Leeson when that time came.

The Leesons agreed to the arrangement, sold their home in St. Joseph and purchased a mobile home which they moved onto the Etchison acreage in 1974. Once there, the Leesons added permanent improvements including a concrete basement, a water and sewer system and a driveway. The arrangement continued harmoniously from 1974 to 1981 when the Etchison uncle died. Soon thereafter, the Leesons were notified by an attorney representing Etchison that possession of the tract they were occupying was required. The Leesons complied and then instituted this suit for delivery of the deed in accordance with the 1974 agreement.

■ As a preliminary point, we note that the agreement Leesons sought to enforce was oral, the proof offered being Leesons' testimony as to the terms agreed when they moved from St. Joseph and established their residence on the property in question. Under the Statute of Frauds, an agreement to convey land must be in writing. The absence of a writing, however, is an affirmative defense which must be pleaded by the party claiming its benefit. *Inloes v. Inloes,* 567 S.W.2d 732, 735 (Mo. App.1978). If the statute is not pleaded, a party may yet invoke the defense by objection to the introduction of oral evidence to prove the contract. *State ex rel. Place v. Bland,* 353 Mo. 639, 183 S.W.2d 878, 886 (banc 1944). Here, Etchisons did not plead the defense and they raised no objection when Leeson testified as to the terms of their agreement. The defense that the agreement was not in writing was therefore waived. *Williams v. Irwin-Willert Co.,* 604 S.W.2d 640, 642 (Mo.App.1980).

■ The first point raised by the Etchisons on this appeal appears to be based on an assumption that if the Etchisons did not have title to the acreage when the agreement was made with the Leesons in 1974, specific enforcement of the agreement could not be ordered in 1981. From this premise, appellants then proceed to argue that the deed by which they did acquire title was not effective until it was delivered and recorded, a date long after the agreement under which the Leesons established their residence on the acreage.

The facts concerning the deed from the uncle to the Etchisons were sparse due in part to the circumstances that the attorney who drew and held the deed was also counsel for the Etchisons at trial. The record therefore does not include the benefit of his evidence. All that appears is the fact that the uncle signed the deed in 1969 conveying the 23 acres to the Etchisons but the deed was held by the attorney until 1980, two months before the uncle died. For reasons not appearing in the evidence, the attorney delivered the deed and it was recorded in this brief interval before the uncle's death. Appellants complain that the trial court erred in finding appellant Monte L. Etchison to have been the owner of the 23 acres before the deed was recorded because delivery to the attorney was not sufficient.

The argument proceeds on several false assumptions. The trial court's order included no finding as to ownership of the property in the Etchisons before 1980, only the uncontested finding that the Etchisons did acquire title by means of the deed from the uncle. It is actually irrelevant whether the deed passed title when it was signed in 1969 or when it was recorded because the Etchisons did own the property when they were called upon to fulfill the promise to convey made some seven years before.

In the case of *Johnson v. Schuchardt,* 333 Mo. 781, 63 S.W.2d 17 (1933), the court held that where time is not of the essence of the contract, a decree for specific performance will be rendered if it appears that title has been perfected in the sellers at the time the decree is rendered. The opinion cites earlier Missouri authority to this effect and Corpus Juris. The *Johnson* case is cited in 71 Am.Jur.2d Specific Performance, § 127 (1973) where it is also said, "One who contracts to convey an estate which he does not own at the time may, if he afterward becomes the owner, be compelled to perform the contract and convey the land."

Here, the evidence abundantly demonstrated that Leesons were aware Etchison depended on the subsidiary understanding of a conveyance from the uncle and they were content to await that event. Etchison himself did not deny the agreement, but apparently had a change of mind when he actually did acquire title. Even assuming the absence of a present title transfer in 1969 when the deed was executed, Etchison did have ownership when the subject decree was rendered. That was sufficient to support specific performance.

The second point raised by appellants contends, "The trial court erred in its order finding that a valid oral promise of a gift of land to take effect in the future as a homesite was made by Appellants to Respondents and by ordering specific performance of the alleged gift to take effect in the future * * *." The statement of the point fails to comply with Rule 84.04(d) because it fails to state wherein and why the ruling was claimed to be erroneous. Drawing from the short argument which follows, however, it appears appellants are complaining as to the sufficiency of the evidence to define the agreement and that an oral promise to make a gift in the future is not enforceable.

The trial judge did base his decision on a finding that the agreement here in question was an oral gift accompanied by transfer of possession and improvements to the land made in reliance on the gift. In this he was in error. The agreement between appellants and respondents was a unilateral contract which acquired mutuality when respondents performed. A unilateral contract is one where only one of the parties makes a promise. *Garrett v. American Family Mutual Insurance Co.,* 520 S.W.2d 102, 111 (Mo.App.1974). As such, the contract lacks consideration for want of mutuality, but when the promisee performs, consideration is supplied and the contract is enforceable to the extent performed. *Jensen v. Estate of McCall,* 426 S.W.2d 52, 57 (Mo.1968). Either detriment to the promisee or benefit to the promisor can constitute good consideration sufficient to support a contract. *Bankers Capital Corp. v. Brummet,* 637 S.W.2d 424, 429 (Mo.App. 1982).

In the present case, appellants approached respondents with the proposition that they sell a home long owned by them in St. Joseph and move to the rural acreage in Andrew County for the convenience and accommodation of appellants who desired company and aid in caring for the handicapped uncle. In return, appellants promised to deed the three acres after appellants obtained title when the uncle died. Even were it contended that appellants derived no benefit from the arrangement, respondents suffered a detriment in selling their home and moving to a new locale. Once respondents acted by rendering performance, consideration was supplied, the contract was no longer executory and appellants were bound. The transaction was not a gift because respondents furnished consideration. *Matter of Estate of Mitchell,* 610 S.W.2d 681, 687 (Mo.App.1980).

While appellants' brief suggests in a perfunctory manner that the evidence was insufficient to support the judgment, we decline to consider other aspects of the proof in detail for want of specific contentions of error. There was substantial evidence from which the trial judge was entitled to find, as he did, the content of the agreement. Appellants' evidence was self-contradictory and quite apparently was not accepted by the trial judge. His findings in this respect are entitled to deference, *Malone v. Spangler,* 606 S.W.2d 218, 221 (Mo. App.1980) and the result is not affected by his erroneous characterization of the transaction as a gift.

The judgment is affirmed.

All concur.