STATE of Missouri, ex rel., STATE HIGHWAY COMMISSION of Missouri, Plaintiff-Respondent,

v.

SOUTHSIDE NATIONAL BANK et al., Exceptions of Hazelwood Motor Company, et al., Defendants-Appellants.

No. 40432.

Missouri Court of Appeals, Eastern District, Division Three.

July 10, 1979.

J. B. Carter, Carter & Becker, Clayton, for defendants-appellants.

Richard E. Baker, Missouri State Highway Commission, Kirkwood, for plaintiff-respondent.

REINHARD, Presiding Judge.

Defendant, Hazelwood Motor Company, appeals from the entry of summary judgment dismissing its exceptions filed to the commissioners' award in a condemnation proceeding. On appeal Hazelwood maintains that there remains a genuine issue of material fact, i. e., damages, and, therefore, that plaintiff was not entitled to summary judgment as a matter of law.

Plaintiff filed a petition for condemnation of certain property owned by Baris Furniture Rental Company. Hazelwood Motor Company had a ten year lease, with option to renew or purchase, a portion of said property. Baris, Hazelwood Motor Company, and others, were named as defendants and served with process. Commissioners filed a report awarding $36,000 in damages for the property.

Defendant Hazelwood filed written exceptions to the commissioners' award on April 14, 1976. No other exceptions were filed. On April 21, 1977, a stipulation was filed in the circuit court signed by Baris' president, the president of Hazelwood Motor Company, and attorneys for both parties. The stipulation provided:

1. Heretofore a judgment of condemnation has been entered by the court in favor of the State of Missouri, ex rel. State Highway Commission of Missouri, said judgment affecting the property designated as Parcel No. 18, paragraph 16, page 11 in the Petition filed by the State of Missouri, ex rel., State Highway Commission herein.

2. Heretofore, commissioners duly appointed and acting upon Order of the Court have awarded the sum of Thirty-Six Thousand Dollars ($36,000.00) as damages by virtue of said condemnation, and said amount has been paid into court by plaintiff.

3. That Hazelwood, a lessee of Baris, has an interest in the property so designated above.

4. That the value of said interest in relationship to the value of the total property acquired by the plaintiff is ten per cent (10%) of the damages allowed by the commissioners for the total taking.

5. That said parties request that the court enter an order for payment of said award to include Baris Furniture Rental Company and Bo-Pipe, Inc., d/b/a Hazelwood Motors Company.

The circuit court entered an order of distribution of the $36,000 award to defendants, Baris and Hazelwood Motor Company on the same day as the filing of this stipulation.

On March 22, 1978, plaintiff filed a motion for summary judgment as to Hazelwood's exception to the award of the commissioners. In its motion, plaintiff claimed that there was no justiciable issue of any material fact remaining to be litigated; that defendant Hazelwood's exceptions entitled trial only on the issue of damages, but that the stipulation constituted a judicial admission as to the damages.

In response to the motion for summary judgment, defendant Hazelwood filed an affidavit on April 5, 1978, alleging that, subsequent to the commissioners' award, Baris and Hazelwood had entered into negotiations which culminated in a stipulation agreement asserting distribution of the commissioners' award. Attached to said affidavit was another stipulation, more detailed than the stipulation filed in court, setting forth agreements of the parties as to distribution in the event of a trial of the exceptions.

On April 24, 1978, following argument on the motion, plaintiff's motion for summary judgment was "sustained" and Hazelwood's exception to the award of the commissioners was dismissed with prejudice.

We are presented with one question for appellate review: Was defendant Hazelwood's stipulation, filed in court on April 21, 1977, a judicial admission as to damages, and, therefore, is the plaintiff entitled to summary judgment as a matter of law?

We said in *Edwards v. Heidelbaugh*, 574 S.W.2d 25 (Mo.App.1978):

In ruling on a motion for summary judgment, the trial court and the appellate court must scrutinize the record in the light most favorable to the parties against whom the motion was filed and the judgment was rendered, and to accord to such parties the benefit of every doubt. [citations omitted] A summary judgment may only be rendered where it is made manifest by the pleadings, deposition and admissions on file together with any affidavits, that there is no genuine issue of material fact. [citations omitted]

Summary judgment may be entered only when the party seeking it shows, by unassailable proof, that he is entitled to judgment as a matter of law. *Brummet v. Livingston,* 384 S.W.2d 101 (Mo.App.1965).

In the case before us, an issue of fact remains: the fact of the determination by a jury as to assessment of value, or, of actual damages. The court improperly ruled that the stipulation filed in court was a judicial admission of value.

▉ The error of plaintiff's position can be seen by a review of the law of Eminent Domain. If the tenant has a compensable interest, as here, in the land condemned, he has the right to be made a party to, and to be served notice of, condemnation proceedings. *Millhouse v. Drainage District No. 48 of Dunklin County,* 304 S.W.2d 54[1] (Mo.App.1957). Defendant Hazelwood was properly made a party here. After the commissioners' award Rule 86.08 provides:

> . . . Any party may file written exceptions to the report of the commissioners within ten days after the service or posting of the notice aforesaid. Upon the filing of such exceptions, the issue of the amount of damages sustained by, and benefits accruing to, the defendants' property, if any, as a result of the appropriations, shall be submitted to a jury,
> . . . . .

Clearly, defendant, Hazelwood had a right to file exceptions. Section 523.053, RSMo 1969 provides for the distribution of condemnation awards among defendants.[1] Paragraph one of that section provides for

the filing of an agreement among the parties setting out the manner and percentages by which said award is to be divided among them. Paragraph two provides for a court determination if the parties have made no such agreement. Paragraph three provides that, whether determined by the court or by agreement, the percentage shall extend "to any additional compensation awarded or any reduction of the award thereafter made. . . ."

▉ Frankly, it appears to us that the stipulation on its face, although filed some one year following the commissioners' award, is in accord with § 523.053. The statutes provide for the clerk to distribute the amount of the commissioners' award to the parties pending the trial of any exceptions. The purpose of this statute is, of course, to protect the condemnor and various parties claiming an interest in the property. Even though the stipulation in controversy was filed beyond the original thirty day period provided by statute, it complies with the intent and objective of the statute. Late filing of this stipulation does not prejudice the plaintiff. On the date of the filing of the stipulation, the court in its distribution order refers to the commissioners' award stating that Hazelwood had a 10% interest in the award because of the stipulation, and orders the clerk to issue the check to Baris and Hazelwood. Neither the court nor defendant Hazelwood dismissed the exceptions which had been filed by Hazelwood one year prior to the distribution order. Undoubtedly, all parties intended that the exceptions retain vitality. Upon

---

1. This statute provides: "1. Within thirty days after the commissioners' award has been paid to the clerk of the court, where there is more than one defendant, those defendants claiming a determinable interest in the proceeds of said award may file with the court an agreement setting out the manner and the percentages in which said award is to be divided among them. If no such agreement is filed during said thirty day period, any defendant claiming such an interest may by motion for distribution petition the court in which said cause is pending for determination of the percentage of the commissioners' award to which each of said parties is entitled; . . . ."

Paragraph two provides that "[w]ithin thirty days after the filing of such motion, the court having jurisdiction of said cause shall determine the percentage of the award to which each party having an interest therein is entitled . . . ."

Paragraph three provides that "[t]he respective interests of all parties in the award made as a result of the condemnation action, whether determined by said agreement or by the court, shall be final and shall extend by percentage to any additional compensation awarded or any reduction of the award thereafter made, together with interest, on the trial of exceptions, and said interest established shall be binding on all parties, plaintiff and defendant; . . . ."

our finding that the trial court erred in granting summary judgment, we remand the case to the trial court for further proceedings.[2]

GUNN and CRIST, JJ., concur.

2. The parties in their briefs raise conflicting theories as to how to approach a trial of exceptions where the tenant alone has filed exceptions. This issue was not properly before us in this case. Neither has this case determined the effect, if any, of the second stipulation.