Calvin WILLIAMS, Plaintiff–Appellant,

v.

IRWIN–WILLERT COMPANY and Motor Transportation Company, Defendants–Respondents.

No. 40690.

Missouri Court of Appeals,
Eastern District,
Division One.

July 22, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1980.

Application to Transfer Denied
Oct. 15, 1980.

William L. Pannell, J. Dennis Gassen, Pannell, Dodson & Robinson, Festus, for plaintiff–appellant.

Frank N. Gundlach, Timothy K. Kellett, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, for defendants–respondents.

SNYDER, Judge.

This is an action for damages for wrongful discharge against Irwin–Willert Company and for tortious interference with a business relationship against Motor Transportation Company. The trial court granted respondents' separate motions for summary judgment.

Appellant Calvin Williams contends that summary judgments were erroneously granted because the petitions and affidavits filed do not establish by clear and unassailable proof that there is no genuine issue of fact as to whether: (1) appellant's discharge was in violation of his four year employment contract with Irwin–Willert; (2) respondent Motor Transportation intentionally and without justification induced Irwin–Willert's breach of an employment contract with appellant; and (3) respondent Motor Transportation intentionally and without justification interfered in appellant's business relationship with Irwin–Willert, causing a breach of the relationship. The judgment is reversed and the cause remanded for trial on the merits as to both defendants.

Appellant's petition was in two counts. Count I, in pertinent part, alleged that: Irwin–Willert leased a freightliner tractor and trailer from Motor Transportation for a four–year term on July 22, 1975; appellant was hired by Irwin–Willert "to operate said tractor and trailer on its behalf during the four (4) year leasing period"; in early 1977 the agents of Motor Transportation informed Irwin–Willert that appellant's manner of driving was causing unreasonable repair expenses and demanded that he be discharged; this statement was untrue; Irwin–Willert discharged appellant; and appellant suffered losses.

Count II alleged that: appellant and Irwin–Willert had a valid business relationship; Motor Transportation knew of this relationship; Motor Transportation told Irwin–Willert intentionally and without justification that appellant's manner of driving caused it to incur unreasonable repair expenses, a statement which was false; appellant was discharged on the basis of the statement; and as a result of Motor Transportation's tortious act appellant was entitled to actual and punitive damages.

Respondents filed separate motions to dismiss, which were treated as motions for summary judgment by a later stipulation of the parties. In support of its motion Irwin–Willert filed an affidavit to which it attached a copy of a lease agreement between it and Motor Transportation. This lease was executed July 22, 1975 and provided for a lease term of one year and then year to year extensions until the lease was terminated in accordance with the agreement. The lease provided that Irwin–Willert agreed that "[u]pon seven (7) days written complaint from OWNER, specifying any reckless, careless or abusive handling of any vehicles leased hereunder, LESSEE shall remove such driver and substitute a competent driver." Irwin–Willert's affidavit also stated that appellant was not hired until March 1, 1976.

Appellant by affidavit produced a copy of the lease agreement which was required to be in the tractor when it was being driven for Irwin–Willert. That agreement provided for a four year lease term, and there was no mention of a right on Motor Transportation's part to demand appellant's discharge when unreasonable repair expenses were incurred.

In ruling on the propriety of a summary judgment, an appellate court must scrutinize the record in the light most favorable to the party against whom the judgment was rendered. A summary judgment may be rendered only when it is plain by the pleadings, admissions, depositions and affidavits on file that there is no genuine issue of material fact; and a genuine issue of fact exists whenever there is the slightest doubt about the facts. The burden is on the moving party (here the defendants–respondents) to show by unassailable proof that there is no genuine issue of fact. Rule 74.04; *State ex rel. State Hwy. Com'n v. Southside National Bank*, 585 S.W.2d 512 (Mo.App.1979); *Edwards v. Heidelbaugh*, 574 S.W.2d 25 (Mo.App.1978).

Appellant's first and second points are directed to his claim of wrongful discharge. The only statement in his petition resembling an allegation of a contract is that Irwin–Willert "hired the Plaintiff to operate said tractor and trailer on its behalf during the four (4) year leasing period." Although this allegation does not clearly plead a contract of employment, the breach of which would afford appellant a cause of action, viewing the record in the light most favorable to appellant, a genuine issue of fact exists. There is that slightest doubt about the fact of employment for a specific four year period which gives rise to the existence of a genuine issue of fact.

Respondents have not met their burden of showing by unassailable proof that there is no genuine issue of material fact. Nowhere in the record is the allegation of a four year hiring denied by respondents. The allegations of a party not controverted by the affidavits and other supporting documents of a movant for summary judgment may be considered as admitted by the moving party. *Pine Lawn Bank and Trust Co. v. Schnebelen*, 579 S.W.2d 640, 642[1] (Mo.App.1979). Therefore, it was error to grant respondents' motions for summary judgment on Count I and the cause must be remanded.

Respondents' allegation that an action based on an unwritten contract for a four year term of employment is barred by the Statute of Frauds cannot be considered on this appeal. Respondents did not raise the statute in their pleadings, and therefore they have waived the defense. *Brooks v. Cooksey*, 427 S.W.2d 498 (Mo.1968); *Inloes v. Inloes*, 567 S.W.2d 732 (Mo.App.1978).

Appellant contends in his third point that there was a genuine fact issue as to whether Motor Transportation intentionally and without justification interfered with appellant's business relationship with Irwin–Willert. This point must be considered. Even if appellant cannot prove the existence of a contract with Irwin–Willert upon retrial, a fact issue would arise as to Motor Transportation's interference with appellant's non–contract business relationship with Irwin–Willert.

Respondents argue the correctness of the court's ruling, asserting that appellant

could not maintain an action against a third party procuring his discharge because he failed to state a cause of action against his employer for wrongful discharge. In support of this proposition, respondent cites *Howe v. St. Louis Union Trust Company*, 392 S.W.2d 625, 627[1, 2] (Mo.1965), which holds that in the absence of an employment contract for a definite term or a contrary statutory provision, an employer may discharge an employee at any time for any reason and the employee cannot maintain an action for wrongful discharge.

Unlike the plaintiff in *Howe*, appellant in Count II did not allege a contract for a definite period, nor did he seek lost wages as a measure of damages. The cause of action rests entirely on the business relationship between appellant and Irwin–Willert. It is true that absent a contract of employment, the discharge was not wrongful. However,

> "where the interference takes the form of false defamatory statements,—of libel or slander,—an action will lie for interference with a relation beneficial to the plaintiff, although the relation did not rest in contract, and although the breach of it by the party who was thus procured to break it was not actionable."

*Lally v. Cantwell*, 30 Mo.App. 524, 530 (1888). In the *Lally* case, the plaintiff had worked for the defendant, a plumber, but quit due to a disagreement between them, and found employment with another plumber. The defendant sent a circular to plumbers in the area, including Lally's employer, stating that Lally had been an apprentice with defendant and had quit without cause. As a result of these statements, which were false, Lally was discharged. In this case it is alleged that Motor Transportation's false statements caused appellant's discharge. It was found that Lally stated a good cause of action; in this case appellant's claim is actionable.

Respondent attempts to distinguish *Lally, supra*, on the ground that that case involved an action for libel. However, it is clear that *Lally* held that an action for interference with business relations could be maintained where such relations were broken because of false statements.

The court in *Lally* left open the question of whether such action could be maintained in the absence of false statements. Recent cases have not required that this element be present as a basis for maintaining an action for interference with business relations. Although not an employment case, *Harber v. Ohio National Life Insurance Company*, 390 F.Supp. 678 (E.D.Mo.1974) sets out the elements of a cause of action for interference with a business relationship:

> "(1) existence of a valid business relation (not necessarily evidenced by an enforceable contract) or expectancy;
>
> (2) knowledge of the relationship or expectancy on the part of the defendant;
>
> (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy;
>
> (4) the absence of justification; and
>
> (5) and [sic] resultant damage to the party whose relationship or expectancy has been disrupted. [Footnote omitted.]"

*Harber, supra*, 683. Appellant has alleged each of these elements in Count II of his petition, and therefore has stated facts which, if true, would entitle him to relief. It was error for the court to grant respondents' motion for summary judgment as to Count II.

Appellant's fourth point, that the court erred in relying on *Howe v. St. Louis Union Trust Company, supra*, in its summary judgment, need not be discussed further as the *Howe* case has been distinguished.

The judgment is reversed and the cause remanded for trial on the merits as to both Counts I and II.

STEWART, P. J., and SIMON, J., concur.