Harry Dean COOK, Appellant,

v.

MFA LIVESTOCK ASSOCIATION, a Corporation, Respondent.

No. WD 36633.

Missouri Court of Appeals, Western District.

Nov. 12, 1985.

Stephen C. Scott, Jones, Scott and Schneider, Columbia, for appellant.

Joseph A. Colussi, Gage & Tucker, Kansas City, for respondent.

Before DIXON, SOMERVILLE and NUGENT, JJ.

DIXON, Judge.

Plaintiff appeals from the ruling of the trial court granting summary judgment on plaintiff's two-count petition for breach of contract and interference with a business relationship.

The issue is whether as a matter of law the plaintiff may recover under the pleadings and the facts offered in connection with the motion for summary judgment. The plaintiff does not contend that there is any controverted issue of fact.

Drawn from the pleadings and plaintiff's deposition, the following are the facts and allegations concerning Count I for breach of contract.

Plaintiff was a livestock hauler for MFA, pursuant to an oral contract to haul pigs at a flat rate per one-way mile. This arrangement commenced around 1973. There was no term for the agreement, nor was there any agreement as to the number of miles or trips required. In 1979, plaintiff began to receive fewer hauls than he desired and he discussed this problem with defendant's agent. Plaintiff says that a Mr. Moles, agent for MFA, told plaintiff that if he would obtain a larger truck "[MFA] would run [him] enough to pay for [his] truck." Plaintiff purchased a larger truck and more hauls were provided for awhile. In the fall of 1980, hauls were insufficient in plaintiff's view and plaintiff complained to MFA management on behalf of himself and other truckers. Meetings with truckers ensued and early in 1980 plaintiff was discharged. Plaintiff contends that under the contract he is entitled to recover the balance of the cost of the truck he purchased.

The pleadings and facts relating to Count II are as follows. Plaintiff entered into a 30-day written lease with one Raines, also a livestock hauler for MFA. The lease was for the plaintiff's truck and driving services. It was dated November 30th, 1982, and was to expire December 31, 1982. Plaintiff and Raines agreed prior to December 31st, 1982, to extend the agreement indefinitely. On several occasions, plaintiff had been directed by Raines to haul for MFA. On December 30th, 1982, MFA notified Raines that plaintiff was not to haul for MFA. Raines terminated plaintiff. Plaintiff asserts that he is entitled to actual and punitive damages for tortious interference with his contract with Raines.

The trial court granted summary judgment against plaintiff on both counts of the petition. It is the plaintiff's contention that the trial court erred as a matter of law as to both counts.

The plaintiff asserts that Count I states a cause of action under *Beebe v. Columbia Axle Co.*, 233 Mo.App. 212, 117 S.W.2d 624 (1938). In *Beebe*, the defendant appointed plaintiff as a commission sales agent for a designated territory, and plaintiff performed under the agreement for about 10 months. *Id.* 117 S.W.2d at 626–627. Defendant terminated the agency and plaintiff brought an action to recover the expenses of performing during the ten months and the value of the services performed after credit for commissions earned. *Id.* 117 S.W.2d at 627. The court permitted a recovery based on quantum meruit. The recovery was not on the origi-

nal agreement but upon the basis of the unjust enrichment of the defendant by the retention of the benefits of the plaintiff's expenditures and efforts as is demonstrated in this short quotation:

> However, this is not a suit for damages based upon the loss of profits, as has repeatedly been demonstrated herein. Neither is it a suit for damages for breach of contract. It is a suit upon quantum meruit for the reasonable value of expenditures made and of services performed, both of which are fully shown by competent evidence in the record.

*Id.,* 117 S.W.2d at 635.

The court in *Beebe* further found that the defendant terminated the contract and "the results of [plaintiff's] expenditures and services were taken over by the defendant and appropriated by it to its own profit." *Id.*

■ Plaintiff seeks to apply *Beebe* to create a *contractual* right in plaintiff to recover for the value of the truck. Plaintiff seeks to avoid the problems of indefinite terms, mutuality, statute of frauds, and period of performance inherent in the oral agreement by asserting that *Beebe* resolves those issues on comparable facts. The facts in *Beebe* and the instant case are not comparable, but even assuming that they are analogous in part, there is one vital difference. In *Beebe*, the defendant retained benefits and did not compensate plaintiff. There was an element of unjust enrichment. The instant case does not have even an implication of unjust enrichment. The defendant retained nothing belonging to plaintiff and did not benefit from uncompensated services of the plaintiff. Nor is this a case where the defendant's obligation to a third party has been discharged by plaintiff, thus unjustly enriching the defendant.

The principle of *Beebe* simply does not apply to the instant case. Plaintiff offers no other basis to support the claim under Count I. The trial court properly sustained the motion for summary judgment as to Count I.

Turning to Count II, the only issue for determination as the parties present the issue is whether or not the arrangement with Raines was a sufficient contract, business relationship, or expectancy upon which to base a claim of tortious interference with contract.

The plaintiff asserts that since he and Raines had agreed to an indefinite continuation of the contract, a sufficient contract or business relationship to sustain the action was present. Defendant asserts that no action for interference with a business relationship can exist unless a valid contract underlies the business relationship. In support of that contention, defendant cites *Bandag of Springfield, Inc. v. Bandag, Inc.,* 662 S.W.2d 546 (Mo.App.1983). The case does not assist defendant. At the cited page, *Bandag* rather loosely states the requirements for pleading a cause of action for tortious interference with business relations and cites *Fischer v. Forrest T. Jones & Co.,* 586 S.W.2d 310, 315 (Mo. banc 1979). *Bandag,* 662 S.W.2d at 554. The language in *Bandag* comes originally from *Salomon v. Crown Life Insurance Co.,* 536 F.2d 1233 (8th Cir.), *cert. denied,* 429 U.S. 961, 97 S.Ct. 387, 50 L.Ed.2d 329 (1976), and is set forth in *Fischer* by the Supreme Court of Missouri as stating Missouri law. *Fischer,* 586 S.W.2d at 315. The quotation in *Bandag* ellipses the parenthetical material relating to the relationship protected.

■ As the rescript of the quote appears in *Bandag,* 662 S.W.2d at 554, it reads:

> (1) A contract or valid business relationship or expectancy ...;

As it appears in *Fischer,* 586 S.W.2d at 315, (quoting *Salomon,* 536 F.2d at 1238), the statement reads:

> (1) A contract or a valid business relationship *or expectancy* (not necessarily a contract);

*Fischer* also cites to *Downey v. United Weatherproofing, Inc.,* 363 Mo. 852, 858, 253 S.W.2d 976, 980 (1953), which holds that an expectancy of a commercial relationship is protected. *Downey* relies upon

RESTATEMENT OF TORTS §§ 766–768 (1939), as well as many earlier authorities. In *Downey* the court accepted the majority opinion in *Lumley v. Gye,* [1853] 2 El. & Bl. 216, 118 Eng. Reprint 749, and retreated from its earlier adoption of the dissent in that case. The court specifically referred to the later case of *Temperton v. Russell,* [1893] 1 QB 715 (1893), which broadened the principle of *Lumley v. Gye.* The later cases have been in harmony with this development, and no requirement exists in Missouri law for the business relationship to be based upon a valid contract. *Williams v. Irwin-Willert Co.,* 604 S.W.2d 640 (Mo.App.1980); *Eib v. Federal Reserve Bank of Kansas City,* 633 S.W.2d 432 (Mo. App.1982); *Casterline v. Stuerman,* 588 S.W.2d 86 (Mo.App.1979). The Missouri cases are in accord with RESTATEMENT (SECOND) OF TORTS § 766B comment c (1979). The defendant's contention that the plaintiff has not pled a business relationship which can afford a basis for tortious interference is not well taken.

The motion for summary judgment should not have been sustained as to Count II.

The ruling in this case goes only to the pleadings and minimal proof offered on the motion. The full proof in the case may raise many issues not present on this appeal. As noted, the *only* contention on this appeal relates to the nature of the relationship protected.

The judgment is affirmed with respect to Count I and reversed as to Count II, with directions to reinstate Count II.

All concur.