**STATE of Missouri, ex rel. Paul L. BEHLE, et al., Exceptions of Donald E. Roth, Relator,**

v.

**Honorable Harry STUSSIE, Respondent.**

**No. 57713.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 26, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 7, 1990.

Application to Transfer Denied
Sept. 11, 1990.

Samuel C. Ebling, Kenneth E. Dick, David A. McMahon, St. Louis, for relator.

Lynn A. Whaley, St. Louis, for respondent.

SATZ, Presiding Judge.

In this case, we have issued our preliminary writ in mandamus. Petitioner Mr. Donald E. Roth (Mr. Roth), defendant in the underlying action, is a landowner whose property is being condemned by the Missouri Highway & Transportation Commission (Highway Commission), plaintiff in the underlying action. Mr. Roth rejected the Highway Commission's offer of $70,-880.00 as compensation for the property to be taken. As required by § 523.040[1] and Rule 86.06, the trial court appointed a commission of three disinterested freeholders (commissioners) to assess the damages caused by the proposed condemnation. The commissioners recommended an assessment of $1,470,454.00. Both Mr. Roth and the Highway Commission filed exceptions to this assessment. A trial on the exceptions is currently pending, in accordance with § 523.050.1 and Rule 86.08.

On Mr. Roth's petition, we entered our preliminary *order in mandamus* directing the respondent judge to compel the Highway Commission to pay into the trial court's registry, prior to trial on the exceptions, the assessment made by the commissioners. We now quash that writ.

■ Mr. Roth contends that § 523.040 requires the trial court to grant his motion to compel the Highway Commission to pay the assessment made by the commissioners into court before trial on the exceptions to the commissioners' assessment. Section 523.040 provides in pertinent part

... upon failure to pay the [commission of freeholders'] assessment, ... the court *may,* upon motion and notice by the party entitled to ... damages, enforce the payment of the same by execution, unless the [condemnor] shall, within 10 days from the return of such assessment, elect to abandon the proposed appropriation of any parcel of land, by an instrument in writing to that effect.... (emphasis added)

In *State ex rel. Holladay v. Withrow,* 24 S.W. 638, 641 (Mo.1891), a Division of our Supreme Court construed identical language in a predecessor statute, Chap. 66, § 3, Gen. St. 1865, to *require,* rather than simply permit, a trial court to grant a condemnee's motion to enforce payment of the commissioners' assessment into the court's registry pending trial on the exceptions. The divisional decision in *Withrow* is not controlling. The Division which decided that case transferred it to the Court En Banc, where the case was dismissed. 24 S.W. at 638, n. 1. However, even if the Division's interpretation of the language now found in § 523.040 were more authoritative, Mr. Roth's reliance on that statute is still misplaced.

■ The Rules of Civil Procedure promulgated by our Supreme Court "supercede all statutes ... inconsistent therewith." Rule 41.02. Rule 86.06 is inconsistent with the relevant language in § 523.040 in a critical respect. As indicated, that statute authorizes enforcement by execution of a commission of freeholders' assessment "upon failure to pay the assessment ..." Rule 86.06, on the other hand, permits execution "upon failure to pay the assessment ... *within 10 days after it becomes final* ..." (emphasis added) An assessment by a commission cannot become final if either the condemnor or condemnee files exceptions, which are neither withdrawn nor dismissed. *North Kansas City School District of Clay County v. J.A. Peterson–Renner, Inc.,* 369 S.W.2d 159, 161 (Mo. 1963); *Washington University Medical Center Redevelopment Corp. v. See,* 654 S.W.2d 192, 194 (Mo.App.1983).

Since both Mr. Roth and the Highway Commission filed exceptions to the commissioners' assessment in this case, that assessment is not final. Under Rule 86.06, which supercedes § 523.040 to the extent the rule is inconsistent with the statute, Mr. Roth has no right to have the commis-

---

**1.** All statutory references are to RSMo 1986, unless otherwise indicated.

sioners' assessment paid into the trial court's registry.

Our preliminary writ in mandamus directing the respondent judge to compel the Highway Commission to make such a payment was improvidently granted and is hereby quashed.

SMITH and STEPHAN, JJ., concur.