STATE of Missouri, ex rel. Paul L.
BEHLE, et al., Exceptions of
Donald E. Roth, Relator,

v.

The Honorable Harry J. STUSSIE, Judge
of the Circuit Court of St. Louis County,
Missouri, Division Two, Respondent.

No. 61180.

Missouri Court of Appeals,
Eastern District,
Writ Division Three.

Jan. 28, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 3, 1992.

Application to Transfer Denied
April 21, 1992.

Samuel C. Ebling, James P. Bick, Jr.,
Latourette, Schlueter, Ebling & Byrne, St.
Louis, for relator.

Mayer S. Klein, John E. Toma, Jr., New-
man, Goldfarb, Freyman & Stevens, P.C.,
St. Louis, for respondent.

SMITH, Judge.

Relators, Donald and Kathryn Roth, re-
quested our writ of prohibition to prohibit
respondent judge from preventing the dis-
tribution of condemnation proceeds paid
into the registry of the court pending the
appeal of the Missouri State Highway and
Transportation Commission of the distribu-

tion award. We make our preliminary writ permanent.

Commissioners assessed the value of the land condemned at $1,470,454. Initially, the Commission declined to deposit the money into court pending final resolution of the exceptions filed by both parties. *See State of Missouri ex rel. Behle v. Stussie,* 793 S.W.2d 567 (Mo.App.1990). On October 21, 1991, with the exceptions still pending, the Commission deposited the commissioner's award plus interest into the registry of the court. Waivers of interest in the award were filed by Kathryn Roth and Southern Commercial Bank. The Highway Commission objected to the waivers of interest and to the distribution of the proceeds solely to Donald Roth. Hearing on the waivers and the Commission's objections thereto was held on November 21, 1991, and the following day the court entered its order denying the waiver of Kathryn Roth and granting the waiver of Southern Commercial Bank. The court further ordered the distribution of the proceeds stayed for 10 days to allow any party to appeal and further ordered that if an appeal was taken and a supersedeas bond filed the distribution would be stayed until resolution of the appeal. On the same day the court ordered that the Commission have immediate possession of the property and directed the sheriff to deliver such possession immediately to the Commission. On November 26, 1991, relators filed their motion to amend the order of November 22 to provide for the stay order to apply also to the order of possession. That motion was denied on the same day. The Commission appealed from the order granting the waiver of Southern Commercial Bank and filed a supersedeas bond of $100 set by the court. Relators' petition for writ of prohibition or in the alternative for mandamus was filed on December 2. In its suggestions in opposition to the petition the Commission stated that it had taken possession of the property November 26 and has commenced and is currently engaged in the completion of State Route 115.

■ The Highway Commission, representing the respondent, justifies the order staying distribution of the award on the basis that it is an "aggrieved party" under § 523.053, RSMo 1986, and is entitled, pursuant to § 512.080, RSMo 1986, to stay the "execution" of the distribution of the award.[1] We are unable to conclude that the Commission is an "aggrieved" party under the provisions of § 523.053.2.

■ It has been the unequivocal law of this state since at least 1893 that the Constitution establishes the right of the owner of the property to payment of the amount of compensation awarded him by the commissioners before his proprietary rights in the property are disturbed. *St. Louis, K. & N.W.R. Co. v. Clark,* 119 Mo. 357, 24 S.W. 157 (banc 1893), l.c. 158; *Jasper Land & Improvement Co. v. Kansas City,* 293 Mo. 674, 239 S.W. 864 (1922) l.c. 866. A deposit into the court registry which is conditional is not a sufficient tender to satisfy the constitution. *St. Louis, K. & N.W.R. Co. v. Clark, supra; Id.* l.c. 159; *Holmes v. Kansas City,* 209 Mo. 513, 108 S.W. 9 (1908) l.c. 14. The landowner has the right to withdraw and use the money. *City of St. Louis v. Senter Commission Co.,* 343 Mo. 1075, 124 S.W.2d 1180 (1938) [3, 4].

■ The Commission has no interest in the money which is deposited in the court. Its interest is that it be protected from persons having an actual or beneficial interest in the property whose interests may be unknown to the court or not addressed by the court. It therefore has the right to intervene under § 523.053 to insure that the interests of such interested persons are considered and determined by the court prior to distribution. This is the protection of the condemnor referred to in *State ex rel. State Highway Commission v. Southside National Bank,* 585 S.W.2d 512 (Mo. App.1979) [3–5]. When the determination of distribution has been made by the trial court the Commission has no further interest in that distribution. Appellate review of the distribution may be sought by per-

---

**1.** Relators contend that the distribution of the award is not an "execution" within the meaning of that statute. We do not find it necessary to reach that contention.

sons having or claiming an interest in the distribution. No such person has sought review of the distribution order of the court here. The interests of the Commission are fully protected by the trial court's final order determining the parties who may legally share in the distribution of the deposited funds. It has no further interest in the order of distribution.

The right of appeal exists solely by virtue of statute. *Hagen v. Rapid American Corporation*, 791 S.W.2d 452 (Mo.App. 1990) [1, 2]. Section 523.053.2 grants a right to appeal to "any party aggrieved of the determination of interests made by the court". A party is "aggrieved" when "the judgment operates prejudicially and directly on his personal or property rights or interests and such effect is an immediate and not merely a possible remote consequence." *Hagen, supra.* The order of distribution does not operate prejudicially or directly on the property rights or interests of the Commission. It is not an aggrieved party and it has no right to appeal the order of distribution.

The Commission asserts that it has an interest in the distribution because of the possibility that the trial of the exceptions might result in a lower award than that made by the commissioners resulting in a deficiency against the relators. It then raises the specter of inability to collect the deficiency based upon certain alleged problems in collecting a deficiency from the same landowners in another condemnation proceeding. This is not an immediate consequence of the distribution order but rather a possible remote and contingent consequence. A subsequent assessment of a lesser amount by a jury than the commissioners' award does not affect the landowner's right to withdraw the full amount which has previously been deposited into the court pursuant to the commissioners' report. *St. Louis K & N.W.R. Co. v. Clark, supra; State ex rel. Missouri Highway & Transportation Commission v. Chadwell*, 735 S.W.2d 96 (Mo.App.1987) [3]; *State ex rel. State Highway Commission v. Houchens*, 235 S.W.2d 97 (Mo.App.1950) [2, 3]. Where the Commission is concerned about its ability to collect a deficiency from the landowner it may protect itself by the simple expediency of not depositing the money in the registry of the court and deferring acquiring the defendants' interest in the land. *City of St. Louis v. Senter Commission Co., supra.* The deposit triggers the acquisition of the possessory interest in the land by the Commission. If it wants the possession of the land it deposits the money unconditionally; if it wants to maintain control of the money it foregoes possession of the land until it chooses to deposit the money. The Commission seeks here to maintain control of the money *and* take possession by appealing the distribution order in which it has no interest. The stay ordered by the respondent here denies the relators access to the money to which they are constitutionally entitled while taking from them the possession of the land involved. It was beyond the power of the court to enter such an order.

The materials before us indicate that before the petition for writ was filed the Commission took possession of the land and began its construction work. The petition for writ asked us alternatively to either stay the possession order or to release the stay imposed against the funds on deposit. The possession has already been transferred and dominion exercised by the Commission. We therefore order the respondent to delete from his order of November 22, 1991, those provisions which order a stay in the distribution of the funds deposited by the Commission in the registry of the court and the respondent is prohibited from preventing relators from receiving such funds.

SATZ, P.J., and AHRENS, J., concur.